SCHEB, Acting Chief Judge.
This appeal concerns attorney’s fees awarded pursuant to section 768.79(l)(a), Florida Statutes (1987). That statute entitles a plaintiff to recover attorney’s fees from the defendant when the plaintiff receives a judgment at least 25% greater than the amount of the plaintiff’s demand.
*355 Here, Appellant Edward Goodpaster, the defendant below, contends that the fee award of $4,500 to Gary and Trula Evans was improper. The Evanses cross-appeal claiming that while the trial court correctly found $10,000 was a reasonable fee, it improperly limited the award to $4,500. We reject Goodpaster’s challenge and agree with the Evanses.
The Evanses sought damages from Go-odpaster for injuries Mr. Evans sustained in an auto accident. Before trial, the Ev-anses’ counsel made a demand for judgment pursuant to section 768.79(l)(a) for $12,000. Goodpaster, through counsel for his insurer, State Farm Mutual Automobile Insurance Company, offered to settle for his policy limit of $10,000. The Evanses rejected this counteroffer, and a jury trial resulted in a verdict of $60,000 in their favor.
The Evanses moved for attorney’s fees pursuant to section 768.79, and the parties stipulated that the court base its award on affidavits rather than live testimony. On that basis, the court determined that $10,-000 was a reasonable attorney’s fee. Nevertheless, it entered judgment for only $4,500 because the Evanses’ counsel was retained under a contingent fee contract which would allow a maximum award in this case of $4,500.[1]
Goodpaster recognizes that a plaintiff who recovers damages at least 25% greater than the amount of demand may recover attorney’s fees incurred from the date of demand. § 768.79(l)(a), Fla.Stat. (1987). He correctly points out, however, that the court must consider the offeror’s forthrightness in furnishing the information necessary to evaluate an offer’s reasonableness. § 768.79(2)(b)(4), Fla.Stat. (1987). Along these lines, Goodpaster charges that the Evanses generally failed to furnish the necessary information and in particular that Mr. Evans failed to appear timely for a medical examination. In asserting these arguments, Goodpaster relies on facts alleged in his counsel’s response to a motion to determine attorney’s fees filed in the trial court. Such statements by counsel, unaccompanied by evidentiary support, are not in and of themselves proof of those averments. State ex rel. Hawkins v. Board of Control, 53 So.2d 116 (Fla.), cert. denied, 342 U.S. 877, 72 S.Ct. 166, 96 L.Ed. 659 (1951). Goodpaster does not cite and we have not found any other portions of the record that substantiate his contentions. Thus, there is no basis for us to override the trial judge’s conclusion, which implicitly rejects this point.
As to the cross-appeal, the Evanses argue that the court should award them the $10,000 it found to be reasonable, irrespective of the amount actually recovered. Countering this, Goodpaster contends that the court correctly limited the Evanses to recovering $4,500 because of the contingent fee contract.
We think the Evanses are correct. Clearly they are entitled to an award of reasonable attorney’s fees to be added to their judgment against Goodpaster, and the record supports the trial court’s finding that $10,000 was reasonable.[2]
Finally, we note that in the order awarding the amount of attorney’s fees, the trial judge stated that he had considered the factors required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). He failed, however, to include specific findings as to hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors. These specific findings are necessary. Woodruff & Sons, Inc. v. Pary, Inc., 543 So.2d 467 (Fla. 2d DCA 1989).
*356 Accordingly, we affirm the award of attorney’s fees to the Evanses, but remand with directions to enter a revised order awarding them $10,000 and specifying the findings required under Rowe.
RYDER and FRANK, JJ., concur.

. The contingent fee contract allowed fees up to 45% of the recovery. This percentage took into consideration that Goodpaster had taken an earlier appeal pending the trial. Since there was no foreseeable prospect of payment beyond $10,000 from State Farm, the court awarded fees of $4,500, i.e., 45% of $10,000.

. At oral argument, counsel for the Evanses acknowledged that any sums representing payment of attorney's fees received from Goodpaster or his insurer, State Farm, would be credited against the Evanses’ obligation under the contingent fee contract.