641 So.2d 189 (1994)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation, Appellant,
v.
Jennie THOMPSON and Michael Martindell, Appellees.
No. 93-03704.
District Court of Appeal of Florida, Second District.
August 19, 1994.
David J. Lonigro, Raymond A. Haas and Mark S. Ramey of Haas, Austin, Ley, Roe & Patsko, P.A., Tampa, for appellant.
Bruce D. Frankel of Parvey & Frankel Attorneys, P.A., Fort Myers, for appellee Jennie Thompson.
No appearance for appellee Michael Martindell.
CAMPBELL, Acting Chief Judge.
Appellant, Government Employees Insurance Company (GEICO), challenges the trial court's order denying GEICO attorney's fees pursuant to section 768.79, Florida Statutes (1991), when there was no finding by the trial court that GEICO's offer of judgment to appellee Jennie Thompson was made in bad faith. We agree and reverse.
Appellee Jennie Thompson sued Michael Martindell for injuries she received in an automobile accident that occurred on May 16, 1991. Appellee also sued GEICO, her personal insurance carrier, seeking to recover uninsured/underinsured motorists benefits.
*190 On January 8, 1993, GEICO, on behalf of itself and Martindell, made a joint offer of judgment pursuant to section 768.79 and Florida Rule of Civil Procedure 1.442 to settle all of appellee's claims, including taxable costs, for the sum of $2,601.00. Appellee did not accept the offer.
A trial ensued and the jury found no negligence on the part of Martindell. The trial court entered final judgment and ordered that appellee recover nothing from GEICO and Martindell.
Following the jury's verdict, GEICO timely moved for attorney's fees. The trial court, without receiving evidence, denied GEICO's motion, finding that appellee did not "unreasonably reject" GEICO's offer. After an offer of judgment is made, the entitlement to attorney's fees under section 768.79 is established by the finding of no liability. The trial court erred in considering whether appellee was reasonable in rejecting GEICO's offer, because an unreasonable rejection is not a prerequisite to an award of attorney's fees under section 768.79. In fact, after the prerequisites of section 768.79 have been met, an award of attorney's fees may be denied only upon a finding of "bad faith" on the part of the offering party. Dvorak v. TGI Friday's, Inc., 19 Fla. L. Weekly D914, 639 So.2d 58 (4th DCA 1994); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993).
Upon remand, the trial court may hold further evidentiary hearings to determine whether GEICO's offer was not made in good faith. Appellee argues that GEICO's offer was invalid because it was a joint, rather than joint and several, offer made on behalf of GEICO and Martindell. We have found no cases that hold a joint offer invalid per se, while numerous cases have recognized, without comment, the validity of joint offers. See Schmidt; Goodpaster v. Evans, 570 So.2d 354 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991); Lennar Corp. v. Muskat, 595 So.2d 968 (Fla. 3d DCA 1992), rev. denied, 606 So.2d 1165 (Fla. 1992); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991). We decline to hold a joint offer invalid per se. The nature of any offer and its validity and enforceability may be factors pertaining to whether the offer is made in good faith.
Reversed and remanded for further proceedings consistent herewith.
BLUE and FULMER, JJ., concur.