650 So.2d 199 (1995)
V.I.P. REAL ESTATE CORPORATION, and the Sloan-Kendall Group, Inc., Appellants,
v.
FLORIDA EXECUTIVE REALTY MANAGEMENT CORP., Appellee.
Nos. 93-2913, 93-2944.
District Court of Appeal of Florida, Fourth District.
February 15, 1995.
*200 Richard B. Warren, Randy D. Ellison, and Scott Stoloff of Broome, Kelley, Aldrich & Warren, P.A., West Palm Beach, for appellants.
Larry M. Mesches of Larry M. Mesches, P.A., West Palm Beach, for appellee.
PER CURIAM.
This was a civil action in which three real estate brokers, the parties to this appeal, each claimed entitlement to an interpleaded real estate commission.
Appellee Florida Executive Realty Management Corp., hereinafter Florida Executive, served a copy of a single demand for judgment to both appellants, V.I.P. Real Estate Corporation (V.I.P.) and The Sloan-Kendall Group, Inc. (Sloan-Kendall). Neither appellant accepted the offer. Subsequently, the appellants jointly served an offer of judgment on appellee, which was not accepted.
It is uncontroverted that appellee was awarded the entire interpleaded fund, which was at least twenty-five percent more than it had asked for in its demand for judgment.
All parties moved for attorney's fees and costs pursuant to section 768.79, Florida Statutes (1993). In addition, appellee relied on section 57.041, Florida Statutes (1993), as the prevailing party.
The trial court granted appellee's motion for fees and costs and held that appellants were estopped from challenging the validity of appellee's Demand for Judgment by virtue of the joint Offer of Judgment served by them. As the appellants correctly contend, the rule of estoppel which forbids the successful assertion of inconsistent positions in litigation only applies where the inconsistent position first asserted was successfully asserted or where the party against whom the positions are asserted relied to its detriment on the earlier inconsistent position. See Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990); Olin's, Inc. v. Avis Rental Car System of Florida, Inc., 104 So.2d 508 (Fla. 1958); Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993); MacKay v. Florida Power & Light Co., 524 So.2d 1068 (Fla. 4th DCA 1988). In Dimino, this court explained that a prior inconsistent position is not considered to have been successfully maintained by a party if it neither gave the party any advantage nor in any way disadvantaged the adverse party. 572 So.2d at 557.
Appellee has not demonstrated any reasonable reliance on the appellants' offer of judgment that could form a basis for equitable estoppel. In fact, appellants filed their offer of judgment under section 768.79, Florida Statutes (1993), after the appellee had filed its demand under that statute. In addition, the appellee was not disadvantaged in any way by the appellants' offer, nor did the appellants receive any advantage as a result of having made the offer. Under these circumstances, the doctrine of judicial or equitable estoppel does not apply to estop the appellants from asserting the invalidity of the appellee's demand for judgment even though they subsequently made a joint offer of judgment to the appellee. The trial court therefore erred in finding that the appellants' *201 service of an offer of judgment estopped them from challenging the validity of the appellee's demand for judgment; however, we find that error harmless.
Appellants next argue that the trial court erred in awarding fees and costs, because appellee's demand for judgment was invalid. They base their argument on two grounds: first, that the statute does not contemplate joint offers to two or more adverse parties and, second, that the statute does not apply to interpleader actions.
In the recent case of Government Employees Ins. Co. v. Thompson, 641 So.2d 189 (Fla. 2d DCA 1994), submitted by the appellee as supplemental authority, the court held that an offer made under section 768.79, Florida Statutes (1993), is not rendered invalid by the fact that it is a joint offer. In that case, a personal injury action arising from an automobile accident, the two defendants, the tortfeasor and the plaintiff's insurer, made a joint offer of judgment to the plaintiff. Id. As was noted in Thompson, other cases have also recognized, without comment, the validity of joint offers. Id. See, e.g., Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991). It would therefore appear that the appellee's offer of judgment was not rendered invalid by the fact that it was a joint offer.
We recognize that the two appellants had conflicting claims to the interpleaded funds. In some cases such a conflict of interest might render the offer itself unreasonable where made to them jointly. This would trigger the defense of subsection 7(a) that the offer was not made in good faith and costs and fees would not be recoverable. That burden was not met in the present case and we therefore reject appellants' position that the offer was invalid because it was made to them jointly.
Finally, appellants contend that section 768.79, Florida Statutes (1993), applies only to actions for damages. We accept that proposition for present purposes. We do not, however, accept appellants' extension of that reasoning to a rule that the statute could never apply to an action of interpleader. The real issue in this case is entitlement to a real estate commission. In essence, what was sought was damages for breach of contract. The fact that the procedural device employed was an interpleader action does not make it any less an action for damages.
We therefore affirm.
AFFIRMED.
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.