678 So.2d 488 (1996)
Peter TWIDDY, Appellant,
v.
Jessica GUTTENPLAN, Appellee.
No. 95-04229.
District Court of Appeal of Florida, Second District.
August 21, 1996.
John F. Stanley and Thomas John Wood of Vega, Stanley, Martin & Zelman, Naples, for Appellant.
John W. MacKay of John W. MacKay, P.A., and Kerry H. Brown, Tampa, for Appellee.
CAMPBELL, Judge.
Appellant, Peter Twiddy, appeals the final judgment awarding attorney's fees pursuant to section 768.79, Florida Statutes (1987) to appellee, Jessica Guttenplan. For the reasons below, we reverse.
Twiddy filed a personal injury action seeking damages for injuries he allegedly sustained in an automobile accident that occurred *489 on August 8, 1989. Twiddy alleged he was a passenger in a car operated by Guttenplan when that car collided with another vehicle operated by Salvador Roca. An offer of judgment was filed by the attorney for the Rocas ostensibly on behalf of the Rocas and Guttenplan. The offer of judgment agreed to pay Twiddy $5,000, and contained a requirement that Twiddy execute a full and final release as to all defendants. The offer was not signed by Guttenplan or her attorney, but reflected in its Certificate of Service that a copy was sent by mail to Guttenplan's attorney. Twiddy never responded to the offer of judgment.
After a trial, the jury found no liability on the part of the Rocas, and a final judgment was entered in their favor. A final judgment finding Guttenplan negligent was entered for Twiddy in the amount of $2,100. The trial judge awarded both the Rocas and Guttenplan attorney's fees pursuant to section 768.79. We reversed the award of attorney's fees to the Rocas because Twiddy recovered nothing from the Rocas and the statute in effect when the cause of action accrued required the recovery of a plaintiff's verdict against the defendant making the offer. Twiddy v. Roca, 677 So.2d 387 (Fla. 2d DCA 1996).
Twiddy did, however, recover judgment against Guttenplan, so our reasoning in Twiddy v. Roca does not apply. Even so, we are required to reverse because the joint offer of judgment was not specific enough to enable the trial judge to determine that the $2,100 verdict against Guttenplan was at least twenty-five percent less than the offer made on her behalf. We have previously held that a joint offer pursuant to section 768.79 is not invalid per se, but may be found invalid by reason of the nature of the offer and its validity and enforceability against an offering party. Gov't Employees Ins. Co. v. Thompson, 641 So.2d 189 (Fla. 2d DCA 1994). Because the offer allegedly made on behalf of Guttenplan was not signed by her or her attorney, its enforceability is questionable. Moreover, the total offer on behalf of both the Rocas and Guttenplan was for $5,000. It is, therefore, impossible to determine the amount attributable to each offeree in order to make a further determination whether the judgment against only one of the offerees for $2,100 was at least twenty-five percent less than the offer on her behalf. The fact that the offer was made on behalf of two defendants who were not joint tortfeasors makes the necessary determinations as to the applicability of section 768.79 impossible to perform with any certainty. We, therefore, reverse the award of attorney's fees to Guttenplan and remand for treatment consistent herewith.
DANAHY, A.C.J., and FULMER, J., concur.