736 So.2d 796 (1999)
FLIGHT EXPRESS, INC., Appellant,
v.
Dave ROBINSON and Brinson Air, Inc., Appellees.
No. 98-2002.
District Court of Appeal of Florida, Third District.
July 14, 1999.
*797 Burd, Magathan, Lozano & Zacherl and William G. Burd and John S. McPhee, Miami, for appellant.
Roland Gomez, Miami Lakes and John E. Korf, for appellees.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
SCHWARTZ, Chief Judge.
On the main appeal, the summary judgment for the defendants Robinson and Brinson Air, Inc. is affirmed because of the manifest absence of the requisite causal relationship between the alleged breach of duty and the subsequent accident. See McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Pinkerton-Hays Lumber Co. Inc. v. Pope, 127 So.2d 441 (Fla.1961).
We find merit, however, in the cross-appeal, which challenges the refusal of the trial court to consider attorney's fees under section 768.79, Florida Statutes (1995) stemming from the plaintiffs failure to accept a $100.00 offer of settlement. The basis of the trial court's ruling was that the $100.00 offer was not divided as to the amounts to be contributed by each of the two defendants. This was error.
While there is good reason, based on the need to avoid further litigation over the distribution of the proceeds, to require a division of amounts to be paid to each of several offerees in a settlement proposal, see Bodek v. Gulliver Academy, Inc., 702 So.2d 1331 (Fla. 3d DCA 1997); McFarland & Son, Inc. v. Basel, 727 So.2d 266 (Fla. 5th DCA 1999), the amounts which each of several offerors contribute to the proposed settlement can make no difference to the offeree or otherwise affect its efficacy in any practical way. Thus, the lack of "apportionment" in the unaccepted offer should not, and we therefore hold that it does not, impair the ability of the defendants here to recover under section 768.79, Florida Statutes (1995).[1] See generally, Cooper v. Brickell Bayview Real Estate, Inc., 711 So.2d 258 (Fla. 3d DCA 1998). On this basis, the order denying the application for fees under § 768.79 is vacated.
Since, as in Earnest & Stewart, Inc. v. Codina, 732 So.2d 364 (Fla. 3d DCA 1999)[24 FLW D388], the trial court did not rule on the validity of the offer in any other respect, including the threshold issue of whether it was made in good faith, see Fox v. McCaw Cellular Comm., ___ So.2d ___, 1998 WL 870859 (Fla. 4th DCA Case No. 97-2052, opinion filed, December 9, 1998)[23 FLW D2687]; see also, Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586 (Fla. 5th DCA 1999)[24 FLW D1420], the case is remanded for the trial court to make these determinations and for other appropriate proceedings.
*798 Affirmed in part, reversed in part, and remanded.
GREEN, J., concurs.
COPE, J., (concurring in part and dissenting in part).
The summary judgment should be reversed. Appellee Brinson Air, Inc., is a tenant which occupies a hangar at the Opa Locka Airport. Appellee Dave Robinson is the principal of Brinson.
The Miami-Dade County Aviation Department has promulgated rules which prohibit the operation of unauthorized motor vehicles in the Air Operations Area. The summary judgment record (when read in the light most favorable to Flight Express as the nonmoving party) contains evidence that Brinson and Dave Robinson allowed their hangar to be used by Dave Robinson's son to repair a pickup truck. The son, Michael Robinson, drove the pickup truck on an aircraft taxiway, which is within the Air Operations Area. The steering linkage broke, Robinson was thrown out of the pickup truck, and the truck struck an aircraft owned by Flight Express, causing damage.
The point of the Aviation Department Rule is to exclude unauthorized vehicles from the Air Operations Area, with the obvious objective of preventing collisions with aircraft (among other things). Because there is a sufficient causal nexus between the claimed violation of the rule and the collision which occurred in this case, summary judgment should have been denied.[1]
Admittedly, the actual circumstances of this particular collision are unusual. There was a mechanical failure of the truck steering which caused Michael Robinson to be thrown from the vehicle. The vehicle drove on alone and collided with the aircraft owned by Flight Express. But the fact that the accident happened in an unusual way is not dispositive. See McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla.1992) (rejecting "mistaken assumption that [defendant's] duty was to foresee the specific sequence of events that led to [plaintiffs] injury"). Unauthorized vehicles were supposed to be excluded from the Air Operations Area in order to prevent collisions. A collision occurred. The fact that it happened in an unusual way makes no difference. The accident was within the zone of foreseeable risk addressed by the regulation, and the requisite causal relationship has been shown.[2]
On the cross-appeal, I concur with the majority opinion.
NOTES
[1] While revised Florida Rule of Civil Procedure 1.442(c)(3) now provides

[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party, [e.s.]
the committee notes to the emphasized 1996 amendment state that the provision was enacted "to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993)" which deals with dividing the exposure of various parties based on their respective percentages of fault. The amended rule is thus designed to obviate future conflicts as to the effect of an offer upon defendants-offerees. See Bodek, 702 So.2d at 1331. Considered in this light, the failure to follow the rule as to offerors must be considered merely a harmless technical violation which did not affect the rights of the parties. See Dines v. Florida Unemployment Appeals Comm'n, 730 So.2d 378 (Fla. 3d DCA 1999).
[1] This theory of liability was set out in the Flight Express memorandum in opposition to the motion for summary judgment. See R. 123. This theory of liability does not appear to have been specifically pled in the amended complaint, but there is no indication of any objection on that score, and if such an objection had been made, the trial court would have been obliged to give Flight Express an opportunity to amend.
[2] Flight Express has also advanced a theory that upon allowing Michael Robinson to make vehicle repairs at the hangar, the appellees were obliged to oversee the repairs to assure that they were done competently. I concur in the rejection of that particular theory.