PER CURIAM.
Appellants challenge an adverse final judgment entered in accordance with a jury verdict that found Aldona Reid had sustained no damages or permanent injuries as a result of an automobile accident with a vehicle owned by Medical & Professional Management Consultants, Inc. (“MPMC”) and operated by Marilyn Lyn-ett Clayton. Appellants maintain that the trial court should have granted their motion for new trial because the jury verdict was contrary to the manifest weight of the evidence.[1] Because our review of the evidence presented at trial convinces us that the trial court did not abuse its discretion in denying the motion for new trial, we affirm.
“[T]he trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence.” Brown v. Estate of Stuckey, 24 Fla. L. Weekly S397, S400, — So.2d -, -, 1999 WL 669205 (Fla. Aug. 26, 1999). “The role of the trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s *1118 trained and experienced judgment, is an unjust verdict.” Id. at S399, — So.2d at -. Upon review of a trial judge’s order on a motion for new trial, “an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion.” Id. at S400, —— So.2d at-■.
We now turn to the facts of this case as disclosed by the portions of the record submitted to us for our review.[2] On July 14, 1995, an automobile owned by MPMC and operated by Ms. Clayton rear-ended an automobile operated by Mrs. Reid. Prior to this accident, Mrs. Reid had an extensive history of back and cervical problems dating back to 1983. Mrs. Reid had three back surgeries between 1989 and 1993. She also had surgery for a herniated cervical disc in 1992. The record also reveals that prior to the automobile accident, Mrs. Reid suffered numerous physical ailments and disabilities, had other accidents from falling, and developed a psychiatric condition requiring treatment, none of which we find it necessary to discuss in detail. It is significant that two of her doctors found her totally and permanently disabled in 1994.
Mrs. Reid’s principal complaint immediately following the accident was of neck pain, diagnosed as cervical strain, which resolved without residual effects. In December 1995, some five months after the automobile accident, Mrs. Reid had additional surgery on her back to address a pre-accident problem of a partial union at the L4-5 vertebral level.
There was little, if any, medical testimony presented at trial which tended to link, with certainty, any specific new permanent condition to the trauma of the accident. Mrs. Reid’s physicians opined during them testimony that a causal connection existed between the accident and Mrs. Reid’s post-accident physical and psychological conditions; however, these opinions were severely challenged and eroded by the errors, inconsistencies, and contradictions in the medical testimony, and by the inability of the physicians to clearly delineate any permanent condition that appellant did not already have, or would not have had but for the accident. In addition, at least one of the physicians clearly relied upon inaccurate statements made to him by Mrs. Reid as to the pre-accident existence of certain of her medical complaints. Given this record, we find that the evidence presented at trial supports the conclusion that the automobile accident did not cause any loosening of Mrs. Reid’s metallic implants at the L4-5 fusion level, and that the need for the post-accident surgery of December 1995 was produced by the non-union of the earlier fusion in that area, and not by the automobile accident.
Appellants devote much argument to the contention that the verdict was contrary to the manifest weight of the evidence because the medical expert testimony as to causation for appellant’s permanent injuries was uncontroverted. We find this argument to be unavailing, given the trial record before us. A jury is free, in the ordinary negligence case, to accept or reject the testimony of a medical expert just as it may accept or reject the testimony of any other expert. See Easkold v. Rhodes, 614 So.2d 495, 497 (Fla.1993)(quoting Shaw v. Puleo, 159 So.2d 641 (Fla.1964)). “This does not mean that a jury is at liberty to disregard completely testimony which is not open to doubt from any reasonable point of view.” Chomont v. Ward, 103 So.2d 635, 637 (Fla.1958). It is clear, however, that expert medical testimony may be rejected by the jury based upon, among other things, the reasons given by the witness for the opinion expressed as well as all the other evidence in the case. See Easkold, 614 So.2d at 496-497. See also Hicks v. Yel *1119 low Freight Systems, Inc., 694 So.2d 869 (Fla. 1st DCA 1997)(upholding trial court’s denial of motion for new trial because plaintiffs self-contradictory subjective complaints of pain gave jury sound basis for rejecting expert medical testimony based on plaintiffs self-reports); Wynn v. Muffs, 617 So.2d 794 (Fla. 1st DCA 1993)(upholding trial court’s denial of motion for new trial, which had been predicated on the argument that the jury’s verdict had been contrary to manifest weight of the evidence, even though jury had apparently rejected the sole expert’s uncontra-dicted testimony on causation).
In light of these authorities, and based upon our review of the record, we conclude that the trial court did not abuse its discretion in denying the motion for new trial. Because we affirm the judgment on appeal, we leave undisturbed the trial court’s order awarding attorney’s fees to appellees pursuant to section 768.79, Florida Statutes (1995).
AFFIRMED.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.

. This issue was preserved for appellate review by appellants’ motion for new trial, even though no motion for directed verdict was made at trial. See Chomont v. Ward, 103 So.2d 635, 637 (Fla.1958); Scarfone v. Magaldi, 522 So.2d 902, 903 (Fla. 3d DCA 1988).

. The record as submitted to this court for review consists of only the medical testimony presented at trial; other portions of the trial record are not before us.