760 So.2d 199 (2000)
DANNER CONSTRUCTION COMPANY, INC., Appellant,
v.
REYNOLDS METALS COMPANY, Appellee.
No. 2D99-381.
District Court of Appeal of Florida, Second District.
April 12, 2000.
Rehearing Denied May 31, 2000.
*200 Michael S. Rywant and Jill Deziel Emerson of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, and Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., Tampa, co-counsel for Appellant.
Lori J. Caldwell and David B. Shelton of Rumberger, Kirk & Caldwell, Orlando, for Appellee.
FULMER, Judge.
This appeal concerns the trial court's denial of the defendant's motion for costs and attorney's fees. We reverse both the denial of costs and the trial court's ruling on attorney's fees.
The plaintiff, Reynolds Metals Company ("Reynolds"), sued Danner Construction Co., Inc. ("Danner"), TMC Properties, Inc. ("TMC"), and others seeking to recover damages incurred when black smoke entered a warehouse and allegedly contaminated Reynolds' aluminum beverage cans as well as the chipboard on which they were stacked inside the warehouse. The smoke resulted from an explosion that occurred when McClain Electric, Inc. ("McClain") breached a power conduit while working on a rental space adjacent to the one in which Reynolds' cans were stored. McClain had been hired as a subcontractor by Danner, who had been hired by TMC, the owner of the property, to perform the construction on the warehouse facility. As to Danner, Reynolds asserted claims that it was negligent (count II), it was vicariously liable for the negligence of its subcontractor, McClain (count III), and it negligently supervised McClain (count IV). As to TMC, Reynolds asserted claims that it was vicariously liable for the negligence of Danner and McClain.
Prior to trial, on June 12, 1998, the attorney for Danner, acting on behalf of Danner and TMC, served an offer of judgment, pursuant to section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442, proposing to settle all *201 claims against Danner and TMC for the sum of $1,500,000.50. The offer did not state the amount and terms by which that sum would be attributable to each party. Reynolds did not accept the offer.
All of the defendants except Danner were dismissed before trial. TMC was dismissed on the morning of trial. The record contains no information regarding the circumstances underlying the dismissal. Danner admitted negligence, leaving the issues of causation and damages for the jury. The jury found in favor of Danner, and the trial court entered final judgment for Danner. Pursuant to Reynolds' post-trial motion, however, the trial court entered a directed verdict for Reynolds in the amount of $109,385 for damage to the chipboard. Because Danner was entitled to a set-off of approximately $460,000 based on prior settlements, the amended final judgment ordered that Reynolds take nothing from Danner. We affirmed this amended final judgment in a separate appeal. See Reynolds Metals Co. v. Danner Constr. Co., 758 So.2d 680 (Fla. 2d DCA 2000).
In this appeal, Danner first argues that it is entitled to costs as the prevailing party pursuant to section 57.041(1), Florida Statutes (1997), which provides in pertinent part that "the party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." We agree with Danner on this point. Even though the trial court directed a verdict in Reynolds' favor on the chipboard claim, after applying the set-off, the amended final judgment provided that Reynolds "take nothing from the defendant." In addition, Reynolds did not prevail on its main claim for damage to the cans. In this situation, Danner was entitled to its costs because it was the party recovering judgment. See Schneider v. DiPaola, 715 So.2d 284, 285 (Fla. 2d DCA 1998)(where damage award to plaintiff was less than stipulated set-off, defendants were prevailing party because final judgment awarded nothing to plaintiff); see also Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992)("the party prevailing on the significant issues in the litigation" should be considered the prevailing party).
Danner next argues that it was entitled to attorney's fees pursuant to section 768.79, Florida Statutes (1997), on the ground that Reynolds rejected Danner's joint offer of judgment. This issue involves construction of Florida Rule of Civil Procedure 1.442, which governs offers of judgment. Subsection (c)(3) of the rule authorizes jointly made settlement proposals and provides that "[a] joint proposal shall state the amount and terms attributable to each party." This provision was part of a new rule 1.442, adopted in 1996, which went into effect on January 1, 1997. See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105 (Fla.1996).
Reynolds asserts that Danner's offer of judgment was invalid because it was made jointly with TMC and the offer did not state the amount and terms attributable to each party. Danner asserts that Reynolds' claim against TMC was based upon vicarious liability for Danner's negligence. Thus, it argues that it would have been impractical to break down the offered amount between the parties because Danner and TMC shared the same liability. Further, Danner relies upon Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999), and Spruce Creek Development Co., of Ocala, Inc. v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999), to support its position that the lack of apportionment in the unaccepted offer should not impair its ability to recover under section 768.79.
In Flight Express, a joint offer was made by two defendants to a single plaintiff. The district court reversed the trial court's ruling that the offer did not support an award of attorney's fees because it was not divided as to the amounts to be contributed by each of the two defendants. The district court held that "the lack of `apportionment' in the unaccepted offer *202 should not, and we therefore hold that it does not, impair the ability of the defendants here to recover under section 768.79, Florida Statutes (1995)." 736 So.2d at 797. The court reasoned that while there is good reason to require a division of amounts to be paid to each of several offerees in a settlement proposal, the amount which each of several offerors contributes to the proposed settlement can make no difference to the offeree or otherwise affect its efficacy in any practical way. Although the 1996 amendment to rule 1.442(c)(3) did not apply to the offer made in Flight Express, the court referenced the amended rule in a footnote and observed that the committee note explains that the amendment was enacted "`to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993)' which deals with dividing the exposure of various parties based on their respective percentages of fault." Flight Express, 736 So.2d at 797 n. 1. Thus, the court concluded, the amended rule is designed to obviate future conflicts as to the effect of an offer upon defendants-offerees and, therefore, "failure to follow the rule as to offerors must be considered merely a harmless technical violation which did not affect the rights of the parties." Id.
In Spruce Creek, a joint and unapportioned offer of judgment was made by two plaintiffs to a single defendant. The district court reversed the trial court's ruling that the offer was void for having failed to separate the offer for each plaintiff. Citing to Flight Express, the district court reasoned that "[t]he lack of apportionment between claimants is a matter of indifference to the defendant. If he accepts, he is entitled to be released by both claimants." 746 So.2d at 1116.
Both Flight Express and Spruce Creek consider the failure of offerors to divide the amount to be contributed by each to be a harmless technical violation of the rule.[1] Danner urges this court to align itself with the reasoning set forth in these opinions. We accept the reasoning as applied to the facts of these cases. However, we do not accept as a general proposition that the failure of offerors to divide the amount to be contributed should always be considered a harmless violation of the rule. Instead, we conclude that where a joint offer is made by the defendants in a case, the failure to specify the amount to be contributed by each may be harmless if the theory for the defendants' joint liability does not allow for apportionment under section 768.81, Florida Statutes (1997). This circumstance typically exists in cases where one defendant is vicariously liable for the negligence of another.
Twiddy v. Guttenplan, 678 So.2d 488 (Fla. 2d DCA 1996), provides a good illustration of why a distinction is necessary. In Twiddy, two defendants made a joint offer to a single plaintiff, which is the same situation we have before us wherein Danner and TMC made a joint offer to Reynolds. One of the defendants in Twiddy was the driver of a vehicle in which the plaintiff, Twiddy, was injured when the vehicle collided with another. The other defendant was the driver of the other vehicle. After a trial, the jury found the driver of the car in which Twiddy was riding was negligent and found no liability on the part of the other driver. Judgment was entered for Twiddy in the amount of $2,100. Because the joint offer made by the defendants was for the single amount of $5,000, it was impossible to determine the amount attributable to each defendant in order to make a further determination as to whether the judgment entered against the single defendant for $2,100 was at least twenty-five percent less than the offer made on behalf of that defendant. This court concluded that "[t]he fact that the offer was made on behalf of two defendants who were not joint tortfeasors makes the necessary determinations as to *203 the applicability of section 768.79 impossible to perform with any certainty" and reversed the award of attorney's fees to the plaintiff. It is this situation that the rule amendment was intended to address according to the committee note.
Here, it is undisputed that TMC could only be held liable if Danner was liable. More importantly and addressing the focus of the rule, TMC could not be a Fabre defendant because TMC was vicariously liable without personal fault. In this circumstance, Reynolds' ability to evaluate the offer made by Danner and TMC was not impaired by the lack of apportionment between the two defendants. Who would pay what portion of the offer made on behalf of Danner and TMC had no bearing on the amount Reynolds would have received had it accepted the offer.
Therefore, because TMC was vicariously liable for the negligence of Danner, we hold that the joint offer of judgment was enforceable and the trial court erred by denying Danner's motion for attorney's fees.
Reversed and remanded for further proceedings consistent with this opinion.
BLUE, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] However, those courts would require a division of amounts to be paid to each of several offerees in a settlement proposal. We agree with this proposition. See United Servs. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000).