760 So.2d 1006 (2000)
Marcia HERZOG and Max Herzog, her husband, Appellants/Cross-appellees,
v.
K-MART CORPORATION, Appellee/Cross-appellant.
Nos. 4D98-4386, 4D99-0039.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
*1007 Patrice A. Talisman of Hersch & Talisman, P.A., Miami, and Searcy, Denney, Scarola, Barnhart, Shipley, P.A., West Palm Beach, for appellants/cross-appellees.
Geoffrey B. Marks and Aida M. Landa of Cole, White & Billbrough, P.A., Miami, for appellee/cross-appellant.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellants, plaintiffs in this personal injury action tried before a jury, recovered judgment for an amount significantly less than the offer of judgment made by appellee. Their sole issue on this appeal is that the trial court abused its discretion in denying their motion for new trial made on the grounds that the jury verdict was contrary to the manifest weight of the evidence.[1] Appellee cross-appeals the denial of its motion for attorney's fees and costs. We affirm the judgment, but reverse the order denying appellee's motion for attorney's fees and costs and remand for further proceedings.

THE MOTION FOR NEW TRIAL
In November 1988, Marcia Herzog, while shopping in a K-Mart store, slipped on spilled shampoo and fell. She slid across the floor, striking her head on a display with sufficient force to render her unconscious. Her immediately apparent injury was a deep cut over her left eye which required 39 stitches to repair. She complained of headaches and pain in her neck, lower back, and arms and subsequently was examined and treated for those complaints by several physicians. A year later she and her husband, Max, filed this suit against K-Mart, which over the years since then, has been tried to a verdict before three different juries, each with a different trial judge.
In the first trial of this case, in addition to evidence relative to the issue of negligence, plaintiffs presented evidence tending to show that Marcia sustained serious and permanent injury. That evidence included testimony of her complaints of headaches and pain in her neck, lower back, and arms and testimony of her treating physicians regarding her medical care and treatment necessitated by the injuries she sustained in the fall, including expert opinion testimony that such injuries were permanent in nature. The jury's verdict apportioned fault 75% to K-Mart and 25% to Marcia and awarded Marcia $1,300 for past medical expenses and $11,200 for her past pain and suffering. Max was awarded nothing on his derivative claim. On plaintiffs' motion, the trial court granted a new trial on damages only, finding the jury verdict grossly inadequate and contrary to the manifest weight of the evidence. This court affirmed without opinion. See *1008 Kmart Corp. v. Herzog, 624 So.2d 734 (Fla. 4th DCA 1993).
A second trial, before a different judge, was held solely on damages. While much of the evidence was the same as presented at the first trial, there was some additional evidence on both sides. Plaintiffs presented expert testimony that Marcia's back complaints and TMJ problems were permanent in nature and that they, as well as the three surgeries she had undergone since the first trial, were all causally related to her fall. Defendant offered evidence of Marcia having sustained injuries in two automobile accidents, one in 1974 and the second in 1992 (after the first trial), one or both of which she had failed to disclose to some of her treating physicians. It also offered evidence that Marcia suffered from certain other physical and psychological conditions which could be the cause of her various on-going complaints of pain. The second jury awarded Marcia $1,850 for past medical expenses and $10,000 for past pain and suffering. Max was awarded $1,000. Again the trial court granted plaintiffs' motion for a new trial, incorporating in its order the reasons set forth in the prior order granting new trial. On K-Mart's appeal this court again affirmed, however, stating,
We cannot say that the order granting a new trialon the grounds that the verdict was against the manifest weight of the evidenceis outside the broad discretion given to trial judges in such matters. In affirming the new trial order, however, we do not do so because we agree that a new trial was required as a matter of law.
Kmart Corp. v. Herzog, 696 So.2d 955, 956 (Fla. 4th DCA 1997).
In May 1998, a third trial was held, again only on damages, but before yet another judge. With the exception of matters relating primarily to the additional medical care and treatment occurring subsequent to the second trial, the evidence before the jury in the third trial was, by and large, similar to that which was before the jury in the second trial. The third jury awarded Marcia $1,480 for past medical expenses and $10,000 for past pain and suffering and awarded Max $5,000. Plaintiffs again moved for a new trial on the grounds that the verdict was contrary to the manifest weight of the evidence. This time, however, the court denied the motion, finding that the jury had competent substantial evidence from which it could conclude that the only injury sustained by Marcia in the fall was the cut over her eye and that the other injuries and damages claimed by plaintiffs were not caused by Marcia's fall. The court applied to the verdict amounts the fault percentages from the initial trial and, on that basis, entered judgment for Marcia in the amount of $8,601 and for Max in the amount of $3,750, reserving jurisdiction to award costs and fees, if any.
A motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is directed to the sound, broad discretion of the trial judge. See Cloud v. Fallis, 110 So.2d 669, 672-73 (Fla.1959). In reviewing the trial court's order, the appellate court should apply the reasonableness test to determine whether the trial court abused its discretion. See Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980); Brown, 749 So.2d at 497-98; Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998). "If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion." Brown, 749 So.2d at 498.[2] *1009 Because our review of the evidence presented at trial satisfies us that reasonable persons could differ as to the propriety of the trial court's denial of the motion, we find no abuse of discretion and we therefore affirm the judgment.

THE MOTION FOR FEES AND COSTS
In February 1996, K-Mart served an offer of judgment upon appellants in the following form:
Defendant, K-Mart Corporation, pursuant to Florida Statute 768.79 makes this Offer of Judgment to the Plaintiffs, Marcia Herzog and Max Herzog, in the total amount of TWENTY THOUSAND AND ONE DOLLAR ($20,001.00). This Offer is inclusive of attorney's fees and costs and cannot be accepted if any other offer from this Defendant is accepted by the Plaintiffs.
After verdict was returned in the May, 1998 trial, K-Mart moved for an order awarding it costs and fees incurred subsequent to the service of the foregoing offer of judgment. The court's order denying that motion (the subject of K-Mart's cross-appeal) was without comment or explanation. From the transcript of the hearing on this motion it is apparent that the court's focus was on the question of whether the offer was ineffective to invoke the sanctions of section 768.79, Florida Statutes, due to it being a joint offer without specifying the amount offered to each individual plaintiff. In any event, that is the sole issue addressed by the parties on the cross-appeal. Consequently, our reversal of the order should be viewed as deciding solely that discrete issue, one that may ultimately prove to be more academic than real.[3]
Rule 1.442(c)(3) of the Florida Rules of Civil Procedure was amended effective January 1, 1997, to require that a joint proposal state the amount and terms attributable to each party. Prior to that amendment neither the rule nor the statute had a requirement that the amount attributable to each person be specified. Thus, cases involving a joint offer of judgment served prior to the amendment to the rule, as K-Mart's was, have held such joint offers valid, despite the failure to specify the amounts attributable to each plaintiff. See, e.g., Bodek v. Gulliver Academy, Inc.., 702 So.2d 1331 (Fla. 3d DCA 1997); V.I.P. Real Estate Corp. v. Florida Executive Realty Mgmt. Corp., 650 So.2d 199, 201 (Fla. 4th DCA 1995); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991). On the authority of these cases we agree with K-Mart's argument that its offer of judgment, served prior to the amendment to the rule, was not rendered ineffective to trigger the sanctions of the statute merely because it was a joint offer which failed to specify the amount attributable to each plaintiff.
Accordingly, the order denying K-Mart's motion for offer of judgment costs and fees is reversed. Upon remand the court shall further consider the merits of the motion in all other respects, conducting such further hearings or proceedings as in its discretion it may deem necessary for that purpose.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WARNER, C.J., and KLEIN, J., concur.
NOTES
[1] The motion was also made on the grounds that the verdict was inadequate, said to be a corollary of the ground asserting that the verdict is contrary to the manifest weight of the evidence. See, e.g., Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999).
[2] These principles  abuse of discretion at the trial level and the reasonableness test upon review at the appellate level  apply to an order on a motion for new trial on the grounds that the verdict is contrary to the manifest weight of the evidence, whether the motion has been granted, see, e.g., Brown, 749 So.2d 490; E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825 (Fla.1997); Baptist Mem'l Hosp., Inc., 384 So.2d 145 (Fla.1980), or has been denied, see, e.g., Reid v. Medical & Prof'l Mgmt. Consultants, Inc., 744 So.2d 1116 (Fla. 1st DCA 1999).
[3] K-Mart's offer was "inclusive of costs." Appellants' taxable pre-offer costs, to which they are entitled under section 57.041, Florida Statutes, apparently are yet to be determined. When determined, those costs added to the adjusted verdict will produce the amount, for comparison purposes under section 768.79, of the "judgment obtained." See Scottsdale Ins. Co. v. DeSalvo, 748 So.2d 941 (Fla.1999); Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998), rev. dismissed, 729 So.2d 390 (Fla.1999).