774 So.2d 44 (2000)
ALLSTATE INDEMNITY COMPANY, Appellant,
v.
Solen HINGSON and Annette Hingson, Appellees.
No. 2D00-1107.
District Court of Appeal of Florida, Second District.
October 11, 2000.
Rehearing Denied November 27, 2000.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Associates and Bruce L. Scheiner, Fort Myers and Thomas M. Pflaum, Micanopy, for Appellees.
PER CURIAM.
Appellant, Allstate Indemnity Company, challenges the trial court's denial of its motion for attorney's fees based on an offer of judgment under section 768.79, Florida Statutes (1995). We affirm.
Appellant, on November 12, 1996, served an offer of judgment on appellees, Solen Hingson and Annette Hingson, husband and wife. Appellant's offer was for $30,000 and was not differentiated between the amount offered for Mr. Hingson's injuries in an automobile accident and Mrs. Hingson's resulting consortium claim.
The trial judge denied appellant's motion for attorney's fees citing the policy considerations regarding undifferentiated offers of judgment enunciated in section 768.79, Florida Rule of Civil Procedure 1.442, and USAA v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000). Even though Behar can be distinguished because appellant's offer was made prior to the latest amendment to rule 1.442, we nevertheless affirm on the authority of C & S Chemicals, Inc. v. McDougald, 754 So.2d 795 (Fla. 2d DCA 2000). In doing so, we are in conflict with Herzog v. K-Mart, 760 So.2d 1006 (Fla. 4th DCA 2000).
Affirmed.
CAMPBELL, A.C.J., and FULMER and GREEN, JJ., Concur.