PER CURIAM.
Petitioner, Chrysler Corporation, seeks certiorari review of a circuit court order which dismissed its appeal as untimely. Chrysler in the county court received a jury verdict in its favor on October 9, 1998. Thereafter, it moved to tax attorney fees and costs pursuant to a proposal for settlement. On December 13, 1999, the county court rendered an order denying Chrysler’s motion for attorney fees and costs because the proposal for settlement contained an impermissible condition. On December 23, 1999, Chrysler moved for rehearing of said order. On March 3, 2000, the county court rendered an order denying Chrysler’s motion for rehearing. Chrysler then filed a notice of appeal of the order denying the motion for rehearing. Chrysler claims it sent its notice of appeal to the clerk of the county court via federal express on March 31, 2000. However, the -notice of appeal was not actually stamped as filed until April 4, 2000, which was one day beyond the jurisdictional time period for an appeal. Meanwhile, the county court rendered the final judgment in favor of Chrysler on March 31, 2000. On May 12, 2000, respondent, Leslie Long, filed a motion to dismiss appeal. In response to the motion to dismiss, Chrysler argued in part that the notice of appeal should be construed as appealing the final judgment entered on March 31, 2000. On June 15, 2000, the circuit court, acting in its review capacity, dismissed Chrysler’s appeal for being untimely filed on April 4, 2000.
As final judgment was entered on March 31, 2000, Chrysler should have filed a notice of appeal from that final judgment. An appeal from the final judgment could have considered all issues that were before the trial court prior to the final judgment, including the issue of attorney fees. Cf. Herzog v. K-Mart Corp., 760 So.2d 1006 (Fla. 4th DCA 2000). Any party that is aggrieved by a final judgment may appeal, and in this case Chrysler could have appealed the final judgment because the county court did not award the attorney fees that it sought.
Chrysler argues that the circuit court should have considered the notice of appeal as an appeal from the final judgment. However, the notice of appeal only referenced the order denying Chrysler’s motion for rehearing of the order denying Chrysler’s motion for attorney fees. Nevertheless, this court has held that when it is clear from the record that a party is appealing a final order, but the notice of appeal is defective and designates the wrong order, the appeal should not be dismissed unless there is prejudice to the opposing party. See Duran v. John Stalder, Inc., 686 So.2d 627 (Fla. 5th DCA 1996). In the instant case, at the time the notice of appeal was prepared, the jury had already ruled in Chrysler’s favor, and the order on Chrysler’s motion for attorney fees had been denied. The only remaining judicial labor was for the trial court to enter final judgment. Whether the notice of appeal was filed April 3 or April 4, 2000, it was filed after the final judgment was entered on March 31, 2000, and within 30 days of that final order. Chrysler, in responding to the motion to dismiss appeal, asked the circuit court to construe the notice of appeal as one from the final judgment, so the circuit court was aware of that jurisdictional basis at the time it dismissed the appeal. See Fla. R.App. P. 9.040(c) and (d). Based on Du *468 ran v. John Stalder, Inc., we find that the trial court departed from the essential requirements of law in not considering the appeal on the merits. Accordingly, the petition is granted and the order dismissing the appeal is quashed.
PETITION GRANTED; ORDER QUASHED.
THOMPSON, C.J., COBB and PLEUS, JJ., concur.