808 So.2d 197 (2002)
ALLSTATE INDEMNITY COMPANY, Petitioner,
v.
Solen HINGSON and Annette Hingson, Respondents.
No. SC01-33.
Supreme Court of Florida.
January 17, 2002.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Petitioner.
Thomas Martin Pflaum, Micanopy, Florida; and Associates and Bruce L. Scheiner, Fort Myers, FL, for Respondents.
PER CURIAM.
We have for review Allstate Indemnity Co. v. Hingson, 774 So.2d 44 (Fla. 2d DCA 2000), which expressly and directly conflicts with the opinion in Herzog v. K-Mart Corp., 760 So.2d 1006 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the result in Hingson.
The facts of Hingson are as follows. On November 12, 1996, Allstate Indemnity Company (Allstate) served an offer of judgment on Solen Hingson and Annette Hingson, husband and wife. Allstate's offer was for $30,000 and was not differentiated between the amount offered for Mr. Hingson's injuries in an automobile accident and Mrs. Hingson's resulting consortium claim. The jury returned a verdict on March 2, 1999, resulting in the Hingsons receiving nothing and the trial court *198 entering judgment in favor of Allstate. On March 11, 1999, Allstate served its motion for fees under section 768.79, Florida Statutes (1995), based on the $30,000 offer of judgment (policy limits) rejected by the Hingsons.
The trial judge denied Allstate's motion for attorney's fees citing the policy considerations regarding undifferentiated offers of judgment enunciated in section 768.79. On appeal, the district court affirmed on the authority of C & S Chemicals, Inc. v. McDougald, 754 So.2d 795 (Fla. 2d DCA 2000). See Hingson, 774 So.2d at 44. In doing so, the district court acknowledged conflict with Herzog.
C & S also involved a pre-1997 offer. In that case, the district court reasoned:
As this court recently noted, "[t]o further the statute's goal, each party who receive[s] an offer of settlement is entitled, under the rule, to evaluate the offer as it pertains to him or her." United Serv. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000). Therefore, when a lack of apportionment between offerees prevents them from evaluating the offer independently, the joint offer is unenforceable.
754 So.2d at 797.[1]
The facts of Herzog are as follows. In November 1988, Marcia Herzog slipped on spilled shampoo and fell while shopping in a K-Mart store. She slid across the floor, striking her head on a display with sufficient force to render her unconscious. She suffered a deep cut over her left eye which required thirty-nine stitches to repair. She also complained of headaches and pain in her neck, lower back, and arms and subsequently was examined and treated by several physicians. A year later, she and her husband filed suit against K-Mart. In February 1996, K-Mart served the following offer of settlement upon the Herzogs:
Defendant, K-Mart Corporation, pursuant to Florida Statute 768.79 makes this Offer of Judgment to the Plaintiffs, Marcia Herzog and Max Herzog, in the total amount of TWENTY THOUSAND AND ONE DOLLAR ($20,001.00). This Offer is inclusive of attorney's fees and costs and cannot be accepted if any other offer from this Defendant is accepted by the Plaintiffs.
760 So.2d at 1009. Judgment was ultimately entered for Mrs. Herzog in the amount of $8601 and for Mr. Herzog in the amount of $3750. K-Mart unsuccessfully moved for an order awarding it costs and fees incurred subsequent to the service of the its offer of judgment. On appeal, the district court reversed, stating:
Rule 1.442(c)(3) of the Florida Rules of Civil Procedure was amended effective January 1, 1997, to require that a joint proposal state the amount and terms attributable to each party. Prior to that amendment neither the rule nor the statute had a requirement that the amount attributable to each person be specified. Thus, cases involving a joint offer of judgment served prior to the amendment to the rule, as K-Mart's was, have held such joint offers valid, despite the failure to specify the amounts attributable to each plaintiff. See, e.g., Bodek v. Gulliver Academy, Inc., 702 So.2d 1331 (Fla. 3d DCA 1997); V.I.P. Real Estate Corp. v. Florida Executive Realty Mgmt. Corp., 650 So.2d 199, 201 (Fla. 4th DCA 1995); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th *199 DCA 1991). On the authority of these cases we agree with K-Mart's argument that its offer of judgment, served prior to the amendment to the rule, was not rendered ineffective to trigger the sanctions of the statute merely because it was a joint offer which failed to specify the amount attributable to each plaintiff.
760 So.2d at 1009.
The question in this case is whether the former version of Florida Rule of Civil Procedure 1.442[2] required an offer of settlement made by a defendant to multiple plaintiffs to state the amount and terms attributable to each plaintiff. The former version of rule 1.442 stated:
Parties shall comply with the procedure set forth in section 768.79, Florida Statutes.
Section 768.79 provides in relevant part:
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
We agree with the district court in C & S that "[t]o further the statute's goal, each party who receive[s] an offer of settlement is entitled ... to evaluate the offer as it pertains to him or her." 754 So.2d at 797-98. Otherwise, in many cases, it would be impossible for the trial court to determine the amount attributable to each party in order to make a further determination of whether the judgment against only one of the parties was at least twenty-five percent more or less than the offer (depending on which party made the offer).[3] Moreover, the plain language of section 768.79 supports the C & S court's holding. In subsection (2)(b), the statute refers to "party" in the singular. This, we believe, indicates the Legislature's intent that an offer specify the amount attributable to each individual party.
Accordingly, we approve the decision in Hingson. We disapprove Herzog to the extent that it is inconsistent with this opinion.
It is so ordered.
WELLS, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
HARDING, J., dissents with an opinion, in which SHAW and ANSTEAD, JJ., concur.
*200 HARDING, J., dissenting.
I am persuaded by reasoning of the district court in Herzog v. K-Mart Corp. 760 So.2d 1006, 1009 (Fla. 4th DCA 2000):
Rule 1.442(c)(3) of the Florida Rules of Civil Procedure was amended effective January 1, 1997, to require that a joint proposal state the amount and terms attributable to each party. Prior to that amendment neither the rule nor the statute had a requirement that the amount attributable to each person be specified. Thus, cases involving a joint offer of judgment served prior to the amendment to the rule, as K-Mart's was, have held such joint offers valid, despite the failure to specify the amounts attributable to each plaintiff. See, e.g., Bodek v. Gulliver Academy, Inc., 702 So.2d 1331 (Fla. 3d DCA 1997); V.I.P. Real Estate Corp. v. Florida Executive Realty Mgmt. Corp., 650 So.2d 199, 201 (Fla. 4th DCA 1995); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991). On the authority of these cases we agree with K-Mart's argument that its offer of judgment, served prior to the amendment to the rule, was not rendered ineffective to trigger the sanctions of the statute merely because it was a joint offer which failed to specify the amount attributable to each plaintiff.
Of the four district courts that have considered this issue, only the Second District has held to the contrary.
At the time the offer was made in the instant case, neither section 768.79 nor the former version of rule 1.442 required offers of judgment to state the amount and terms attributable to each party. See Bodek v. Gulliver Academy Inc., 702 So.2d 1331, 1332 (Fla. 3d DCA 1997) ("Further, contrary to the plaintiffs' assertion, section 768.79 does not require that in circumstances where the offer of judgment is being made to multiple plaintiffs, that the offer of judgment state the amount that is being offered to each plaintiff. In fact, section 768.79(2)(d) merely provides that the offer of judgment must [s]tate its total amount."); Tucker v. Shelby Mutual Ins. Co., 343 So.2d 1357, 1358 (Fla. 1st DCA 1977) ("[When] the claims of a father and his minor daughter are properly joined in one action we fail to see that violence has been done to the rule by a defendant making one offer to both parties."). Hence, Allstate did all that section 768.79 and the former version of rule 1.442 required.
The majority argues that "in many cases, it would be impossible for the trial court to determine the amount attributable to each party in order to make a further determination of whether the judgment against only one of the parties was at least twenty-five percent more or less than the offer (depending on which party made the offer)." Majority op. at 199. Rather than worry about what may happen "in many cases," it is more appropriate to focus on the facts of this case. The jury returned a verdict in favor of the Defendant, resulting in the Plaintiffs receiving nothing. There is no question that the judgment was at least twenty-five percent less than the amount of Allstate's offer, regardless of its nonallocation. Certainly section 768.79 would authorize plaintiffs to recover fees if they had made an unallocated joint offer and received a verdict which was at least twenty-five percent more than that offer.
The majority also relies on "the plain language" of section 768.79, which refers to the term "party" in the singular. I am not persuaded by this reasoning, as section 1.01(1), Florida Statutes (2001), provides, "In construing these statutes and each and every word, phrase, or part hereof, where the context will permit ... [t]he singular includes the plural and vice versa." Hence, I am not convinced that the singular use of the term "party" indicates the *201 Legislature's intent that an offer specify the amount attributable to each individual party.
For all of these reasons, I respectfully dissent.
SHAW and ANSTEAD, JJ., concur.
NOTES
[1] In a footnote, the C & S court explained that although amended Florida Rule of Civil Procedure 1.442 did not apply to pre 1997 offers, case law interpreting the earlier rule and statute clearly contemplated that a demand be specific enough to allow each party to evaluate it independently. See, e.g., Twiddy v. Guttenplan, 678 So.2d 488 (Fla. 2d DCA 1996).
[2] Florida Rule of Civil Procedure 1.442 was amended in 1997 to provide:

A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 125 (Fla.1996) (emphasis added). This amendment became effective January 1, 1997, after the offers of settlement were made in Hingson and Herzog.
[3] For example, consider the facts of Herzog. K-Mart's offer of settlement to the Herzogs was for $20,001. Judgment was ultimately entered for Mrs. Herzog in the amount of $8601 and for Mr. Herzog in the amount of $3750. It is not necessarily clear whether these judgments were at least twenty-five percent less than the amount of K-Mart's offer. If forced to specify the amount offered to each party, K-Mart might have offered Mrs. Herzog $16,001 and Mr. Herzog $4000, in which case K-Mart would not have been entitled to costs and fees relating to the judgment in favor of Mr. Herzog.