567 So.2d 53 (1990)
Ocie C. ALLEN, Jr., Appellant,
v.
Patricia LAABS, As Personal Representative of the Estate of Ervin E. Laabs, Deceased, Appellee.
No. 89-02782.
District Court of Appeal of Florida, Second District.
September 28, 1990.
Claire D. Dryfuss, Tallahassee, for appellant.
Peter J. Gravina of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Ft. Myers, and Robert L. Donald of Haas, Boehm, Brown, Rigdon, Seacrest, P.A., Tampa, for appellee.
SCHEB, Judge.
The appellant, Ocie Allen, challenges a final judgment entered after he was found to be in default for failing to answer the appellee's complaint. We have examined the numerous issues he raises on appeal and find merit only in his contentions regarding the award of attorney's fees to the appellee.
Allen and the late Ervin E. Laabs were the sole shareholders in Fort Myers Liquor, *54 Inc., a corporation they formed in order to utilize a liquor license belonging to Laabs. They entered into both an "Incorporators/Shareholders Agreement" and an "Employment Agreement." The "Incorporators/Shareholders Agreement" provided that Allen pay Laabs' monthly compensation, as well as taxes and license fees of the corporation. The "Employment Agreement" detailed the employment conditions and provided that Allen was personally obligated to pay the debt.
Allen failed to meet his obligations under the contracts, and after Laabs' death, Laabs' estate filed suit. Final judgment awarded Laabs' estate $53,956.10 in damages, $19,956.39 in prejudgment interest, $17,272.50 in attorney's fees, and $240.95 in court costs, for a total award of $91,425.94.
Allen argues that the attorney's fees award must be reduced because fees could only be recovered for legal services rendered to collect compensation, as opposed to unpaid taxes and fees. We agree.
The Incorporators/Shareholders' Agreement does not provide for attorney's fees. The Employment Agreement's paragraph 7, entitled "Guarantee," obligates Allen and Fort Myers Liquor, Inc. to guarantee the compensation of Laabs. That paragraph provides that if a civil action is brought by employee against employer, the prevailing party is entitled to attorney's fees and costs. Thus, an award of attorney's fees to Laabs is proper only where Laabs prevails as an employee regarding his salary as opposed to a shareholder regarding the taxes and fees.
Allen also correctly points out that the final judgment fails to specify the statutory or contractual basis of the award or set forth the specific findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
Accordingly, we reverse the attorney's fees and remand. The trial court may take any additional evidence necessary in order to determine the proper amount of attorney's fees, after which an award of attorney's fees should be entered in favor of the appellee, complete with the findings required by Rowe.
SCHOONOVER, C.J., and RYDER, J., concur.