FERGUSON, Judge.
The issue presented by this appeal is whether the plaintiff’s voluntarily-dismissed substantive claim under the Florida RICO statute was so lacking in a legal foundation that the defendants are entitled to an award of attorney’s fees.[1]
*318 Beck alleged in his complaint, inter alia, that he was discredited and then wrongfully terminated from employment as an insurance administrator because he refused to participate in his employer’s criminal violations of the insurance laws. Although the trial court denied dismissal of the conspiracy claim on the authority of Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir.1989), it granted the defendants’ motion to dismiss the substantive claims. In dismissing part of the suit, the court accepted the defendants’ contentions that the majority of decisions across the nation deny discharged employees standing to assert a RICO cause of action. Florida courts, however, had yet to decide the question when this action commenced.
Beck’s contentions here are essentially twofold: (1) a court cannot award attorney’s fees under a “substantial justification” statute simply because no court in the jurisdiction has construed the statute on the point presented, and (2) a credible treatise published in the jurisdiction advocating the plaintiff’s position,[2] where the position is consistent with determinations in other jurisdictions, or where no court in the jurisdiction has decided the question, is a substantial legal basis for bringing the action. We agree. Moreover, an action is “substantially justified” for the purpose of attorney’s fees where it advances “in good faith a novel but credible extension or interpretation of the law.” S & HRiggers & Erectors, Inc. v. Occupational Safety & Health Review Comm’n, 672 F.2d 426, 431 (5th Cir.1982).
The order awarding fees to the defendants-appellees is reversed.[3]

. Section 772.104, Florida Statutes (1989), entitles a defendant to reasonable attorney’s fees *318 and court costs upon a finding that the claimant raised a claim which was without substantial fact or legal support.

. Gough, Wrongful Discharge: Can RICO Come To The Rescue?, 61 Fla.B.J. 91 (June 1987).

. Because we hold that the defendants were not entitled to a fee award in the first instance, we need not address the contention made by cross-appeal that the fee award was wholly inadequate.