752 So.2d 663 (2000)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Raymond J. BEHAR, M.D., and Susan L. Behar, his wife, Appellees.
No. 2D99-01592.
District Court of Appeal of Florida, Second District.
January 21, 2000.
Rehearing Denied February 23, 2000.
Kimberly Staffa Mello and David J. Abbey, of Fox, Grove, Abbey, Adams, Byelick & Kiernan, LLP, St. Petersburg, for Appellant.
*664 David A. Maney and Lorena L. Kiely of Maney, Damsker & Jones, Tampa, for Appellees.
CASANUEVA, Judge.
In this appeal we construe the language of Florida Rule of Civil Procedure 1.442 in the context of a proposal for settlement made by a single defendant to two plaintiffs. The trial court denied the appellant, United Services Automobile Association (USAA), attorney fees under the offer of judgment statute, section 768.79, Florida Statutes (1995), and rule 1.442, and USAA appealed that judgment. Finding that the trial court properly applied the rule, we affirm.
On August 25, 1994, the appellee, Raymond Behar, M.D. was involved in a motor vehicle accident when the automobile he was operating was struck in the rear by an automobile operated by Francis Bassano. At that time, Dr. Behar was insured by an automobile liability policy issued by USAA. After settling his claim with Mr. Bassano's insurance carrier for the policy's limits, Dr. Behar and his wife, appellee Susan L. Behar, instituted an action against USAA under the terms of their policy's underinsured motorist coverage. In Count I, Dr. Behar sought benefits for damages he alleged resulted from the accident. Mrs. Behar, in Count II, claimed damages resulting from a loss of consortium.
Pursuant to section 768.79 and rule 1.442, USAA served upon the Behars an offer of judgment and proposal for settlement in the amount of $125,001. Neither Dr. nor Mrs. Behar timely responded to this offer and, accordingly, by statutory operation, it was deemed rejected. Later during the litigation, Dr. and Mrs. Behar served USAA with a demand for judgment pursuant to the same statute in the amount of $395,000.00, which USAA rejected. Because the parties were unable to reach a settlement agreement the case went to trial.
The jury returned a verdict determining that there was no negligence by Mr. Bassano that was the legal cause of Dr. Behar's damages. In posttrial proceedings USAA moved for attorney's fees based on the offer of judgment statute and its rejected offer. The trial court denied the motion for fees concluding that USAA had not complied with the provisions of rule 1.442.
Effective January 1, 1997, rule 1.442 applies to all proposals for settlement authorized by Florida law, regardless of how they are denominated. See Fla. R. Civ. P. 1.442(a). Subsection (c)(3) of the rule requires that "[a] joint proposal shall state the amount and terms attributable to each party." USAA's proposal, made on May 23, 1997, offered, in relevant part, "to settle the above-styled cause by allowing the Plaintiffs, Raymond J. Behar, M.D. and Susan L. Behar, his wife, to take a judgment against the Defendant, USAA, for a total sum of One Hundred Twenty-Five Thousand and One and No/100 Dollars ($125,001.00)."
The trial court correctly found that USAA's offer of judgment was defective because it failed to comply with the mandate of rule 1.442(c)(3) to specify the amounts offered to each party. Here, a lump sum amount was offered, without the necessary specificity as to Dr. or Mrs. Behar. See DiPaola v. Beach Terrace Ass'n, 718 So.2d 1275, 1277 (Fla. 2d DCA 1998) (holding that if it is impossible to perform, with any certainty, the calculation necessary to determine the applicability of section 768.79, then the offer cannot support an award of fees). There were two claims in this case, Dr. Behar's and Mrs. Behar's, and each was separate and distinct from the other. The purpose of section 768.79 is to encourage the resolution of litigation. See Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996). To further the statute's goal, each party who receives an offer of settlement is entitled, under the rule, to evaluate the offer as it pertains to him or her.
*665 To accept USAA's position, that its unspecified joint proposal satisfies the requirements of the rule, would mean that Mrs. Behar would not have an independent right to evaluate and decide the conduct of her own claim merely because her count for consortium damages was joined in the same lawsuit with her husband's claim. We reject this notion and ask: if not Mrs. Behar, who then has the right to accept or reject the USAA offer to settle her claim? There is no suggestion in this record that Mrs. Behar lacks competence to evaluate the offer. Similarly, we are unaware of any legal disability that would preclude Mrs. Behar from exercising her discretion to resolve the litigation as to her claim. Although Mrs. Behar's claim is derivative, it is her cause of action, not Dr. Behar's and not their joint claim. See Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988) (holding that loss of consortium is separate cause of action belonging to spouse of injured married partner, and though derivative in sense of being occasioned by injury to spouse, it is a direct injury to spouse who has lost consortium); see also Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996). Because there are two plaintiffs in this suit, itemization of USAA's offer to Mrs. Behar, as well as to Dr. Behar, is required.
This case is unlike Spruce Creek Development Co. of Ocala v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999), which USAA cites as support for its position. In Spruce Creek two plaintiffs made a joint offer of settlement to a single defendant. In such a situation, the lack of apportionment between the plaintiffs, as offerors, "is a matter of indifference to the defendant. If he accepts, he is entitled to be released by both claimants." Id. at 1116. The several Spruce Creek offerors could apportion the amount offered between themselves and there was no problem in apportionment as to the defendant offeree, because it was a single entity. Spruce Creek provides no support to USAA here where we have the converse of the Spruce Creek posture. USAA, as the single offeror, made an undifferentiated offer to multiple offerees. The significance of rule 1.442's requirement that a joint proposal state the amount attributable to each party is to allow each recipient an opportunity for independent consideration of that recipient's claims. Because USAA did not provide the Behars an opportunity to do this, USAA's motion for fees based on its defective offer was properly denied.
Affirmed.
PARKER, A.C.J., and GREEN, J., Concur.