784 So.2d 1194 (2001)
RLS BUSINESS VENTURES, INC., and Richard Lee Soto, Appellants,
v.
SECOND CHANCE WHOLESALE, INC.; Second Chance Finance, Inc.; Seminole Finance Corporation; and Michael G. Krizmanich, Appellees.
No. 2D99-4968.
District Court of Appeal of Florida, Second District.
April 11, 2001.
*1195 Daniel Joy of Law Office Daniel Joy, Sarasota, for Appellants.
Henry A. Stein and Phyllis J. Towzey of Stein, Ford, Schaaf & Towzey, L.L.P., St. Petersburg, for Appellees.
NORTHCUTT, Judge.
RLS Business Ventures, Inc. and Richard Soto were involved in litigation with Seminole Finance Corporation, Michael Krizmanich and the Second Chance entities,[1] over a failed used car business. The Second Chance entities prevailed on their claims and on RLS's counterclaims and third party claims. They then moved for attorney's fees on three grounds: 1. a contract between the parties; 2. section 772.104, Florida Statutes (1995); and 3. an offer of judgment. The circuit court awarded fees on all these bases. We reverse the fee award with the exception of the contractual fees granted for services rendered on the replevin count.
RLS asserted a counterclaim against Second Chance based on the Florida Civil Remedies for Criminal Practices Act, section 772.104. The circuit court awarded fees to Second Chance under that statute, which provides for such an award upon a finding that the claim was "without substantial fact or legal support." At first blush, our analysis of the fee award is somewhat complicated by the fact that the circuit court directed a verdict in favor of Second Chance on this claim, and we affirmed that ruling in RLS's appeal of the final judgment on the merits. RLS Bus. Ventures, Inc. v. Second Chance Wholesale, Inc., 779 So.2d 421 (Fla. 2d DCA 2000) ("RLS I"). Generally, defendants are entitled to attorney's fees under section 772.104 when a verdict is directed in *1196 their favor. Hartford Ins. Co. of the Midwest v. Miller, 681 So.2d 301, 302 (Fla. 3d DCA 1996).
In this case, however, the directed verdict was founded on RLS's failure to prove a separate racketeering injury. As we will discuss below, whether a plaintiff under section 772.104 must prove that it has suffered a racketeering injury is arguable. When affirming the directed verdict in RLS I, we did not endorse the trial court's view on this issue. Rather, we discerned that the appellate issue was moot because the jury ultimately rejected RLS's claim for usury, which RLS had alleged as the "criminal activity" giving rise to its count under chapter 772. Without a "criminal activity," RLS had no cause of action under that chapter. Given this, we did not address the trial court's reason for granting the directed verdict because it was unnecessary to do so.
When opposing the directed verdict in this case, RLS argued that a line of authorities interpreting the federal RICO Statute, beginning with Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), holds that a RICO plaintiff is not required to prove a racketeering injury.[2] No Florida authority has decided whether the reasoning of those cases applies to actions under section 772.104. We need not do so here because we have already affirmed the directed verdict on RLS's section 772.104 claim on a different ground. But for purposes of the attorney's fee issue we find guidance in the Third District's Beck v. Olstein, 588 So.2d 317 (Fla. 3d DCA 1991), which held that an action is substantially justified where it advances "in good faith a novel but credible extension or interpretation of the law." The absence of Florida law on the "racketeering injury" issue, and the existence of federal precedent for the proposition that it is not required, bring this case under the Beck rationale. We hold that RLS's claim was not without substantial factual or legal support, notwithstanding that the jury ultimately rejected its usury allegations. We reverse the award of attorney's fees to Second Chance based on section 772.104.
We also reverse the fee award based on Second Chance's offer of judgment. The offer was served on April 13, 1998, and stated:
Counter-defendants, Second Chance Wholesale, Inc., Second Chance Finance, Inc., Seminole Finance Corporation and Michael G. Krizmanich, jointly and severally, pursuant to and in accordance with Section 768.79, Florida Statutes, offer judgment to Counter Plaintiff RLS Business Ventures, Inc., in the total amount of $50,000.00 inclusive of court costs and attorneys fees.
Because the offer was served after January 1, 1997, its terms were governed by Florida Rule of Civil Procedure 1.442. United Servs. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA), review granted, 770 So.2d 163 (Fla.2000). Under that rule, an offer must identify the claim or claims *1197 it is attempting to resolve, Fla. R. Civ. P. 1.442(c)(2)(B), and it must "state with particularity all nonmonetary terms." Fla. R. Civ. P. 1.442(c)(2)(D).
Second Chance's offer did not comply with the rule. At the time of the offer, Second Chance Wholesale and Second Chance Finance had a two-count claim pending against RLS, one count for replevin of over 60 motor vehicles, the other for damages of $8,700. Seminole had pending claims for damages and replevin of office equipment. RLS had asserted third party claims or counterclaims based on breach of contract and section 772.104. As is evident by the quoted offer, it did not specifically state which of the pending claims were covered by the proposal. Cf. MGR Equip. Corp., Inc. v. Wilson Ice Enters., Inc., 731 So.2d 1262, 1263-64 n. 1 (Fla.1999) (holding, under 1995 version of rule 1.442, that an offer's failure to state what would become of a counterclaim was not fatal, but noting that the 1997 version of rule 1.442 "mandates greater detail in settlement proposals."). Further, the proposal failed to state with particularity any nonmonetary terms because it was silent concerning the outcome of the replevin counts and who would retain possession of the items sought under them.
Offers of judgment are punitive in nature and are in derogation of the common law, and for those reasons they must be strictly construed. Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776, 778 (Fla. 4th DCA 1999). The circuit court erred in awarding fees based on a defective offer, and we reverse that award.
The circuit court did correctly award Second Chance attorney's fees for the services rendered on the count seeking replevin of motor vehicles in RLS's possession. These contractual fees were based on a consignment agreement between RLS and some of the Second Chance parties. The attorney's fee clause provided:
If [Second Chance] is required to seek legal counsel or to commence any action in any court of law or administrative tribunal for the enforcement of any provisions of this Agreement, [Second Chance] will be entitled to the recovery of reasonable attorney's fees and court costs (including those incurred for appellate, administration or bankruptcy proceedings) from [RLS].
Another portion of the contract required RLS to "return to [Second Chance] all unsold automobiles upon demand of [Second Chance]." Thus, the replevin count was an action to enforce a provision of the agreement.
RLS agreed to a judgment in replevin in favor of Second Chance. Therefore, Second Chance was entitled to its fees under the contractual provision. Cf. Pici v. First Union Nat'l Bank of Fla., 705 So.2d 50, 51 (Fla. 2d DCA 1997) (holding that contractual fees for replevin action were not awardable when attorney's fee clause stated that borrower would pay attorney's fees if bank "hire[d] an attorney to collect what I owe"; replevin is a nonmonetary default not covered by the clause). In affirming this part of the attorney's fee award, we reject RLS's argument that it was not bound by the contract because it was entered into by a predecessor corporation.
Because we have affirmed one portion of the fees award and reversed others, we remand to the circuit court to take evidence on what fees were attributable to Second Chance's attorney's services on the claim for replevin of the automobiles, and to award fees for that claim alone. We also note that RLS was the prevailing party on Second Chance's claims for damages under the contract. See RLS I. As such, Second Chance would not be entitled to fees under the contract for its attorney's services related to that claim.
*1198 Affirmed in part, reversed in part and remanded.
PATTERSON, C.J., and ALTENBERND, J., concur.
NOTES
[1] The latter are Second Chance Wholesale, Inc. and Second Chance Finance, Inc. For brevity's sake, in the rest of this opinion we will refer to RLS and Soto as "RLS" and all the appellees as "Second Chance," unless it is necessary to single out a specific party.
[2] Florida courts have held that cases interpreting the federal RICO statute, title 18, United States Code, are persuasive as to the meaning of Florida's RICO statute, chapter 895, Florida Statutes. O'Malley v. St. Thomas Univ., Inc., 599 So.2d 999 (Fla. 3d DCA 1992). In 1986, the civil damages section of chapter 895 was moved to chapter 772, because of problems resulting from the inclusion of a civil damages remedy in a criminal statute. See Ziccardi v. Strother, 570 So.2d 1319, 1321 (Fla. 2d DCA 1990). Because the civil damages provisions of the federal and the Florida statutes are strikingly similar, see 18 U.S.C. § 1964(c); § 772.104, Fla. Stat., we believe federal cases interpreting the federal civil damages remedy are also persuasive in interpreting section 772.104. Cf. Lavornia v. Rivers, 669 So.2d 288 (Fla. 5th DCA 1996) (discussing United States Supreme Court ruling on a Federal RICO issue in the context of a claim under chapter 772).