787 So.2d 173 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Barbara MATERIALE and Gerard Materiale, Appellees.
Nos. 2D00-1621, 2D00-3083.
District Court of Appeal of Florida, Second District.
May 11, 2001.
Melville G. Brinson, III of Smoot, Adams, Edwards, Garner, Doragh & Brinson, P.A., Fort Myers, for Appellant.
*174 E. Raymond Shope, Naples, for Appellee.
WHATLEY, Acting Chief Judge.
Allstate Insurance Company appeals a final judgment entered after a jury trial in favor of Barbara and Gerard Materiale in their uninsured motorist action. We affirm the judgment without discussion; however, we reverse the award of attorney's fees entered in favor of the Materiales.
Barbara Materiale was injured in an automobile accident that occurred when Barbara's vehicle was struck by a vehicle operated by Timothy Martin, an uninsured motorist. Barbara Materiale sustained personal injuries in the accident and brought a negligence claim against Martin and an uninsured motorist claim against Allstate. Gerard Materiale brought a loss of consortium claim against Martin and Allstate.[1] Allstate admitted that Martin was negligent, and therefore, the only issues for determination at trial were causation and damages.
Pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (1999), Barbara and Gerard Materiale served upon Allstate a proposal for settlement in the amount of $105,000. The proposal did not allocate the $105,000 between the claims of Barbara and Gerard Materiale, and Allstate did not respond to the offer. Thereafter, the jury returned a verdict in favor of Barbara Materiale for $180,000, and it returned a verdict in favor of Allstate in connection with Gerard Materiale's loss of consortium claim.
Both Barbara and Gerard Materiale moved for fees based on the proposal for settlement, and the trial court granted their motion. On appeal, Allstate argues that the award of attorney's fees was improper because the proposal for settlement was invalid. We agree.
Rule 1.442(c)(3) provides that "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Fla. R.Civ.P. 1.442(c)(3). In the present case, the joint proposal failed to state the amount and terms attributable to Barbara and Gerard Materiale, individually.
In United Services Automobile Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000), this court addressed rule 1.442 in connection with a proposal for settlement made by a single defendant to two plaintiffs. Raymond Behar, M.D., was involved in an automobile accident and brought an underinsured action against his insurance company. Dr. Behar's wife, Susan Behar, brought a claim for loss of consortium. The insurance company made a proposal for settlement that did not state the amount attributable to the claims of the husband and wife individually. This court held that the offer of judgment was defective because it failed to comply with rule 1.442(c)(3). 752 So.2d at 664. This court further held the following:
To further the statute's goal, each party who receives an offer of settlement is entitled, under the rule, to evaluate the offer as it pertains to him or her.
To accept USAA's position, that its unspecified joint proposal satisfies the requirements of the rule, would mean that Mrs. Behar would not have an independent right to evaluate and decide the conduct of her own claim merely because her count for consortium damages was joined in the same lawsuit with her *175 husband's claim. We reject this notion....
752 So.2d at 664-665.
Therefore, when one offeror makes a proposal for settlement to more than one offeree, each offeree is entitled to know the amount and terms of such offer that is attributable to that party in order to evaluate the offer as it pertains to him or her. See Goldstein v. Harris, 768 So.2d 1146 (Fla. 4th DCA 2000). We conclude that the converse is also true. When two offerors make a proposal for settlement to one offeree, the offeree is entitled to know the amount and terms of the offer that are attributable to each offeror in order to evaluate the offer as it pertains to that party. This may be particularly important in claims alleging loss of consortium, where defendants may choose to settle the claim for a minimal amount and go to trial on the primary claim.
We recognize that in Spruce Creek Development Co., of Ocala, Inc. v. Drew, 746 So.2d 1109, 1116 (Fla. 5th DCA 1999), the Fifth District held that a single offer by two plaintiffs, also husband and wife, to one defendant was not void for failing to separate the offer as to each plaintiff. The court held, "The lack of apportionment between claimants is a matter of indifference to the defendant. If he accepts, he is entitled to be released by both claimants." Id. We disagree with this reasoning because, regardless of whether such acceptance would entitle a defendant to be released by both claimants, a defendant should be allowed to evaluate each plaintiffs claim separately.
We also recognize that, similar to the Fifth District, the Third District Court of Appeal has held that a single offer by two defendants to one plaintiff was not void for failing to separate the offer for each defendant. Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999). The Third District noted in a footnote that rule 1.442(c)(3) was enacted to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993), which involved the dividing of exposure of different parties based on their respective percentages of fault. 736 So.2d at 797 n. 1. Thus, the Third District concluded that the rule was designed to obviate future conflicts as to the effect of an offer upon defendants-offerees and that the failure to follow the rule as to offerors was a harmless technical violation that did not affect the rights of the parties. Id. We do not agree that such failure is harmless. An offer that requires an offeree to make an all or nothing determination regarding an offer made by two parties, without permitting it to evaluate each claim separately, does affect the rights of that party.
Consequently, we certify conflict with Spruce Creek and Flight Express to the extent they conflict with this opinion. The Materiales note that in Danner Construction Co. v. Reynolds Metals Co., 760 So.2d 199 (Fla. 2d DCA 2000), this court agreed with the reasoning in Spruce Creek and Flight Express as it applied to those two cases. However, the Danner case further held the following:
[W]e do not accept as a general proposition that the failure of offerors to divide the amount to be contributed should always be considered a harmless violation of the rule. Instead, we conclude that where a joint offer is made by the defendants in a case, the failure to specify the amount to be contributed by each may be harmless if the theory for the defendants' joint liability does not allow for apportionment under section 768.81, Florida Statutes (1997).
760 So.2d at 202.
Based on the analysis in Danner, the joint proposal for settlement in this case could not be considered harmless, as the offerors were the plaintiffs, not defendants having joint liability.
*176 Although we are reversing the award of attorney's fees, we would also note that the trial court erred in applying a contingency fee multiplier in this case. In Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990), the Florida Supreme Court held that evidence of the following factors must be presented to justify the application of a multiplier:
(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.
In the present case, the Materiales moved for a contingency fee multiplier solely because the case involved a contingency fee contract. There was no evidence presented that the relevant market required a contingency fee multiplier to obtain competent counsel, that the attorney was unable to mitigate the risk of nonpayment, or that any of the factors set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), were applicable, except that the fee was contingent. Further, this was a case where the defendant admitted negligence and the only issues at trial were causation and damages.
Accordingly, we affirm the judgment and reverse the award of attorney's fees entered in favor of the Materiales.
SILBERMAN, J., concurs.
CASANUEVA, J., concurs specially.
CASANUEVA, J., Concurring.
I concur with the majority's opinion. I write to address two issues, the second of which has been rendered moot by our reversal of the attorney's fee award.
In Spruce Creek Development Co., of Ocala, Inc. v. Drew, 746 So.2d 1109, 1116 (Fla. 5th DCA 1999), the court held that the lack of apportionment between plaintiff/offerors of their respective claims was of no import to a single defendant/offeree. While this may be true in some instances, it is not universally so.
The main purpose of section 768.79, the offer of judgment statute, is to encourage resolution of disputed claims without the unnecessary consumption of scarce judicial resources. The legislature encourages such early resolution by imposing the penalty of attorney's fees against the party that failed to accept a reasonable offer of judgment, ultimately measured by the contrast between the rejected offer and the final verdict. In those instances, as in this case, for example, where a consortium claim is joined with a claim for personal injuries, the former claim may be more amenable to settlement than the latter because it may involve less money. If one of the claims is resolved, the defendant, as well as the plaintiffs, will save future expenditure of attorney's fees and costs related to this claim.
I believe the rationale expressed in United Services Automobile Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000), is equally applicable here. If two plaintiffs, the injured spouse and the spouse with the derivative consortium claim, make a joint but undifferentiated offer of judgment, the defendant may refuse based solely on an evaluation that the amount offered is in excess of what the defendant believes is the value of the primary claim. Without the potential to differentiate and settle the two claims independently of each other, the defendant will be exposed to attorney's fees liability under the statute on both *177 claims, even though it might have accepted the offer as to one claim had the offer been apportioned. Additionally, the defendant faces the imposition of a multiplier as to both claims. Thus, requiring apportionment as to multiple offerees, as in Behar, as well as multiple offerors, as in the instant case, serves to further the important policy of the statute. In fact, from a real world perspective, the impact of this case and Behar is to permit almost all consortium claims to have a settlement value.
Although the propriety of the trial court's application of a 1.5 multiplier to the Materiales' award of attorney's fees of $20,800 is moot because the award itself has been reversed, I continue to adhere to the belief that the application of a multiplier pursuant to section 768.79 is wrong. I believe this is so because using the multiplier in the offer of judgment context violates the Equal Protection Clause in our state and federal constitutions. Pirelli Armstrong Tire Corp. v. Jensen, 752 So.2d 1275 (Fla. 2d DCA 2000) (Casanueva, J., concurring in part and dissenting in part).
In Pirelli we certified the question whether section 768.79 violated the Equal Protection Clause. The Supreme Court of Florida, in dismissing review, determined that this court had not expressly answered the certified question. Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973 (Fla. 2001). Although the majority in our decision in Pirelli has aligned this court with other districts in upholding the application of the multiplier, I conclude that the Supreme Court's expressed reason for dismissing review of Pirelli suggests that this constitutional issue remains open in this district. Therefore, if properly preserved, the issue may possibly still be addressed in a future case.
NOTES
[1] Martin was dropped as a party at the beginning of trial.