SALCINES, Judge.
Alanwood Holding Co., Joseph Kalman, individually, and Joseph Kalman, Trustee of the Joseph Kalman Trust as Assignees of Alanwood Holding Co., (Alanwood and Kalman) appeal the trial court orders which granted attorney’s fees and costs to Stephen Robert Thompson, Trustee UTD 10/1/93; C.S. Eytel, individually, a/k/a Charles Eytel, d/b/a Carriage Ct., Inc. (Thompson and Eytel); Downing Frye Realty, Inc.; and Robert Randall Lucas. We affirm in part and reverse in part.
Alanwood and Kalman filed a complaint seeking damages and equitable remedies relating to a contract for the purchase of real property. The contract had been executed by Alanwood and Kalman as buyers and by Thompson and Eytel as sellers. Downing Frye Realty and Lucas were the listing real estate brokers for the property that was the subject of the contract. The brokers had been sued for monetary dam *486 ages based upon allegations of fraud and misrepresentation. Final summary judgments were entered by the trial court against Alanwood and Kalman. These judgments have been affirmed by this court in a separate appeal.[1]
The contract for the sale of real property provided that in connection with any litigation concerning the contract, the prevailing party was entitled to recover reasonable attorney’s fees and costs. Due to the fact that one of the summary judgments was entered in favor of Thompson and Eytel, they were properly awarded attorney’s fees and costs as the prevailing parties. We affirm this award.
Downing-Frye and Lucas were not parties to the contract but were awarded attorney’s fees and costs by the trial court because they had presented a proposal of settlement, pursuant to Florida Rule of Civil Procedure 1.442, to Alanwood and Kalman, which they rejected. We note that the proposal merely stated that Downing-Frye and Lucas were offering to Alanwood and Kalman the total sum of $250.00 to settle all the'claims against the two offerors which had been raised in the complaint. This proposal of settlement was inadequate.
This court has repeatedly held that a general lump sum proposal of settlement to more than one offeree which does not specify the amount offered to each party is defective as it violates the rule. See Allstate Ins. Co. v. Materiale, 787 So.2d 173 (Fla. 2d DCA 2001); RLS Bus. Ventures, Inc. v. Second Chance Wholesale, Inc., 784 So.2d 1194 (Fla. 2d DCA 2001); U.S.A.A. v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000). Accordingly, we reverse the award of attorney’s fees and costs to Downing-Frye and Lucas.
Affirmed in part and reversed in part.
ALTENBERND, A.C.J., and STRINGER, J., Concur.

. Consolidated appeal case numbers 2D99-4799 and 2DOO-974.