810 So.2d 541 (2002)
Justyna Brysiak CLIPPER, Appellant,
v.
BAY OAKS CONDOMINIUM ASSOCIATION, INC., and Midnight Pass Properties, Inc., Appellees.
No. 2D01-1104.
District Court of Appeal of Florida, Second District.
February 8, 2002.
William G. Christopher and Jennifer G. Maglio of Brown Clark Christopher & De-May, P.A., Sarasota, for Appellant.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellees.
NORTHCUTT, Judge.
Justyna Clipper challenges the circuit court's award of attorney's fees to Bay Oaks Condominium Association and Midnight Pass Properties after they prevailed in her suit against them. The fees were awarded on two bases: a proposal for settlement and a contractual provision in the Bay Oaks Declaration of Condominium. We reverse the fee award based on the proposal for settlement. We also reverse the award premised on the condominium declaration, but remand for the circuit court to recalculate the fees based solely on the time the attorneys spent defending the count of Clipper's complaint on which the award was predicated.
We first address the proposal for settlement. Clipper sued three entities: the condominium association, Midnight Pass, and Bay Oaks Realty Corporation. These three parties made a joint proposal, offering Clipper a joint payment of $7500 to settle all claims against all three. The offer stated:
Comes now the [d]efendants, Bay Oaks Condominium Association, Inc., Midnight *542 Pass Properties, Inc. and Bay Oaks Realty Corp., jointly, by and through their undersigned counsel and offers the [p]laintiff, Justyna Brysiak Clipper, pursuant to [s]ection 768.78, Florida Statutes, and Florida Rule of Civil Procedure 1.442 to allow judgment to be taken against the [d]efendants, Bay Oaks Condominium Association, Inc., Midnight Pass Properties, Inc. and Bay Oaks Realty Corp., jointly, on all claims against the [d]efendants, Bay Oaks Condominium Association, Inc., Midnight Pass Properties, Inc. and Bay Oaks Realty Corp., jointly and in favor of the [p]laintiff, Justyna Brysiak Clipper, in the total amount of Seven Thousand Five Hundred Dollars and No/ 100ths ($7,500.00), inclusive of all taxable costs against said [d]efendants, Bay Oaks Condominium Association, Inc., Midnight Pass Properties, Inc. and Bay Oaks Realty Corp., accrued to date and inclusive of attorney's fees, if applicable, so that a single joint payment of $7,500.00 will be made jointly by these [d]efendants to terminate all liability, including any claims for attorney's fees or costs. No portion of this offer is for punitive damages.
Clipper did not accept the offer. She later settled with Bay Oaks Realty for $15,000 and proceeded to trial against the condominium association and Midnight Pass. The circuit court granted a directed verdict in favor of both these defendants and entered a judgment of no liability. It then awarded the association and Midnight Pass attorney's fees, based in part on the proposal for settlement.
The proposal was made in October 1997, so the version of Florida Rule of Civil Procedure 1.442 that became effective January 1, 1997, applies. Concerning joint proposals, the rule states:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
Fla. R. Civ. P. 1.442(c)(3). As can be seen by the quoted offer, the defendants in this case did not state the amount and terms attributable to each of them.
Other districts do not require strict compliance with rule 1.442 and have found that failure to apportion the amounts offered in joint proposals, either by multiple plaintiffs or multiple defendants, can be harmless, technical violations of the rule that do not result in the offer being defective. See Spruce Creek Dev. Co. of Ocala v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999) (discussing offer from multiple plaintiffs to one defendant); Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999) (reviewing offer from multiple defendants to one plaintiff). In this district, however, we have required more exact compliance with the language of the rule. See Alanwood Holding Co. v. Thompson, 789 So.2d 485, 486 (Fla. 2d DCA 2001) ("[T]his court has repeatedly held that a general lump sum proposal of settlement to more than one offeree which does not specify the amount offered to each party is defective...."); United Servs. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000) (requiring strict compliance with rule when one defendant made offer to multiple plaintiffs), review dismissed, 782 So.2d 869 (Fla.2001); Allstate Ins. Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001) (applying the Behar reasoning to an offer from multiple plaintiffs to one defendant).
We recognize this court has held that a failure to apportion may be harmless error if "the theory for the defendant's joint liability does not allow for apportionment under section 768.81, Florida Statutes." Danner Constr. Co. v. Reynolds Metals *543 Co., 760 So.2d 199 (Fla. 2d DCA 2000). However, in Danner we were careful to point out that one of the offerors was only vicariously liable for the conduct of the other offeror. Here, the defendants argue that both Midnight Pass and Bay Oaks Realty were only vicariously liable for the conduct of the condominium association. But the allegations of the complaint do not bear this out. First, Bay Oaks Realty was sued in only one count, which alleged tortious interference with a business relationship. The condominium association and Midnight Pass were sued in that count and in three others, alleging breach of fiduciary duty, libel, and slander. Even in the tortious interference claim, the condominium association was alleged to have committed acts separate from Bay Oaks Realty that resulted in Clipper's damages. Thus, at least as to Bay Oaks Realty, the complaint did not allege joint liability, much less vicarious liability. The Danner reasoning is not applicable to these facts.
As we explained in Behar, the purpose "of rule 1.422's requirement that a joint proposal state the amount attributable to each party is to allow each recipient an opportunity for independent consideration of that recipient's claims." 752 So.2d at 665. This offer was defective because Clipper could not discern what amount each defendant was offering to settle her claims. Cf. C & S Chems., Inc. v. McDougald, 754 So.2d 795, 797-98 (Fla. 2d DCA) (discussing plaintiff's joint demand for judgment to three defendants who were not joint tortfeasors and noting that unapportioned demand made it impossible for the defendants to evaluate the proposal based on their individual liabilities), review denied, 773 So.2d 56 (Fla.2000). Our supreme court recently agreed with the C & S reasoning, holding that even under the pre 1997 version of rule 1.442, a defendant's joint offer to two plaintiffs must state the amount offered and the terms attributable to each plaintiff so that each may `"evaluate the offer as it pertains to him or her."' Allstate Indem. Co. v. Hingson, 808 So.2d 197, 199 (Fla., 2002) (quoting C & S, 754 So.2d at 797-98). Here, the fact that Bay Oaks Realty was later willing to settle the case for twice the amount all three had offered highlights the problem with unapportioned joint offers. The offer cannot support a fee award. See Alanwood, 789 So.2d at 486; Materiale, 787 So.2d at 175.
This offer also raises another problem that we have addressed several times in the past. Only two of the three offerors, the condominium association and Midnight Pass, prevailed against Clipper. Because the proposal did not state the specific amount each defendant was willing to pay, the circuit court had no way to determine whether the condominium association and Midnight Pass had offered anything to settle the suit. See Hingson, 808 So.2d at 199-200. For all anyone knows, Bay Oaks Realty may have been willing to pay $7500 to extinguish its liability, while Bay Oaks Condominium Association and Midnight Pass would pay nothing. In this case, given Bay Oaks Realty's decision to settle Clipper's claims for a substantially greater amount, such a scenario is more than plausible. Because it is impossible for the court to calculate what, if anything, the remaining defendants offered Clipper to settle the case, the offer cannot support an award of fees. See DiPaola v. Beach Terrace Ass'n, Inc., 718 So.2d 1275 (Fla. 2d DCA 1998); Twiddy v. Guttenplan, 678 So.2d 488 (Fla. 2d DCA 1996). Thus we reverse the fees awarded to Bay Oaks Condominium Association and Midnight Pass based on the proposal for settlement.
The circuit court also awarded fees based on a fee provision contained in the Bay Oaks Declaration of Condominium. The court found that count IV of Clipper's initial complaint was based on the declaration *544 and it awarded the defendants fees from the time the complaint was filed until count IV was dismissed.[1] Clipper asked the circuit court to award the defendants only the fees that they reasonably expended in the defense of that count. The circuit court refused to do so, stating "[a]nd I don't think you can distinguish which count [the defendants' lawyer] was working on when you take depositions and prepare for trial, I don't think he has to if they're going at the same time and in the same complaint. So my ruling is that [the defendants are] entitled to attorney's fees up to count IV being dismissed...."
Where a party is entitled to fees pursuant to a written agreement, that entitlement extends only to the counts based on that agreement. Allen v. Laabs, 567 So.2d 53 (Fla. 2d DCA 1990). The party claiming fees has the burden of allocating the fees to the issues on which fees are awardable, or of showing that the issues are so intermingled that allocation is not feasible. Franzen v. Lacuna Golf Ltd. P'ship, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998). Here, the expert fee witness testified that he was not asked to apportion the time the defendants' counsel spent on the different counts of Clipper's complaint. Franzen held the circuit court erred in not limiting the fee award when the expert failed to apportion the fees. 717 So.2d at 1092.
The circuit court apparently believed that the counts of Clipper's complaint were so intermingled that apportionment was not feasible. But count IV was dismissed because Clipper failed to seek arbitration. See § 718.1255(4)(a), Fla. Stat. (1997) ("Prior to the institution of court litigation, a party to a dispute shall petition the division [of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation] for nonbinding arbitration."). This was a simple, preliminary issue; it did not require discovery or trial preparation to determine whether Clipper had properly requested arbitration. The lawyers for the defendants easily should have been able to separately identify the time spent on this claim. We reverse the attorney's fees award based on the condominium declaration and remand for a new hearing on the amount of fees awardable for the defense of count IV of the initial complaint. See Salisbury v. Spielvogel, 451 So.2d 974, 975 (Fla. 4th DCA 1984) (reversing fee award when parties failed to properly allocate their time to individual counts and remanding for new fee hearing).
Reversed and remanded.
WHATLEY and GREEN, JJ., concur.
NOTES
[1] Bay Oaks Condominium Association and Midnight Pass argue that count II of Clipper's amended complaint also supports an award of attorney's fees under the condominium declaration. But the circuit court's fee award specifically was based on count IV of Clipper's initial complaint. The issue of whether the court erred in refusing to grant fees under the declaration based on count II of the amended complaint was not appealed.