832 So.2d 135 (2002)
Philip C. D'ANGELO, M.D., and Philip C. D'Angelo, M.D., P.A., Appellants/Cross-Appellees,
v.
John J. FITZMAURICE and Carol M. Fitzmaurice, Appellees/Cross-Appellants.
No. 2D01-1789.
District Court of Appeal of Florida, Second District.
October 9, 2002.
Rehearing Denied December 18, 2002.
*136 Esther E. Galicia of George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, Fort Lauderdale, for Appellants/Cross-Appellees.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami; and, Wagner, Vaughn & McLaughlin, P.A., Tampa, for Appellees/Cross-Appellants.
BLUE, Chief Judge.
Dr. Phillip D'Angelo appeals from an adverse jury verdict in a medical malpractice action, raising five issues for our consideration. We affirm the first four issues, concluding there was no error requiring the jury verdict to be overturned. In his fifth issue, Dr. D'Angelo appeals the trial court's determination of the set-off from an alleged joint tortfeasor that settled before trial. The Fitzmaurices cross-appeal the same set-off order. With sympathy for the trial court that provided an equitable solution to the question of set-off in the face of confusion in the law, we reverse the court's order but certify our conclusion to the Florida Supreme Court as a question of great public importance.
The Fitzmaurices sued both Dr. D'Angelo and the hospital as the result of a laparotomy pad left in Mr. Fitzmaurice's abdomen after an appendectomy. Before trial, a settlement was reached with the hospital that included both a cash settlement and the forgiveness of an outstanding hospital bill. Accordingly, the case proceeded to trial against only Dr. D'Angelo. Although Dr. D'Angelo defended the medical malpractice action on the theory that the hospital's negligence caused the pad to remain in Mr. Fitzmaurice's abdomen, neither party asked that the jury determine the hospital's negligence on the verdict form. The jury determined that 100% of the Fitzmaurices' damages were attributable to Dr. D'Angelo.
Subsequent to the verdict, Dr. D'Angelo requested that the trial court set-off the verdict with the settlement from the hospital. The trial court considered the arguments that are now repeated to us and, in the absence of clear legal guidance, determined an equitable solution. The trial court set-off 33.99% of the cash settlement from the hospital, not including the forgiveness of the hospital bill.
Dr. D'Angelo contends that he should receive a set-off for the entire settlement cash and bill forgivenessand that the failure to do so would provide the Fitzmaurices with a windfall. He also argues that Gouty v. Schnepel, 795 So.2d 959 *137 (Fla.2001), relied on by the Fitzmaurices, supports his position. The Fitzmaurices argue that there is no entitlement to set-off under the facts of this case, citing Gouty.
The elimination of joint and several liability, combined with Fabre v. Marin, 623 So.2d 1182 (Fla.1993), has made set-off the litigation du jour for personal injury practitioners. This case poses a new and unique problem. The argument seems to depend on our interpretation of the following language from Gouty: "if the settling defendant is not found liable." 795 So.2d at 960 (emphasis added). Does this mean that a failure to establish liability will obviate set-off or that there must be a finding of no liability to preclude recovery?[1]
The question is further confused by the interchange of "not found liable" and "found not liable" in the Gouty opinion. Because the language of the specific question certified and answered was "not found liable," we conclude this is the rule we should consider in deciding this case. Dr. D'Angelo contends there was no specific jury finding on the hospital's liability and therefore he is entitled to a set-off for the entire amount of the hospital settlement. The Fitzmaurices, of course, assert that because the question of the hospital's fault was not placed before the jury, the hospital was not found liable and thus there should be no set-off.[2]
We conclude the language of Gouty supports the Fitzmaurices' position of no set-off in this case. It was admitted at oral argument that Dr. D'Angelo made a tactical decision not to include the hospital on the verdict form. With no opportunity to find the hospital liable, we can only reason the hospital was not found liable, and thus there is no entitlement to set-off.
This conclusion is bolstered by legal principles related to settlements. A settlement, in and of itself, does not establish fault. Obviously, settlements are made for reasons other than the admission of liability. The legal system, and indeed our society, encourages settlement to resolve conflict. Allowing a full set-off without a finding that the settling party was at fault allows the nonsettling party to roll the dice at trial with the assurance it will have any verdict reduced without a showing of fault on the part of the settling defendant.
Accordingly, we affirm the determination of liability. We reverse the order granting the set-off of a portion of the hospital's settlement. We certify the following question to the Florida Supreme Court as one of great public importance:
IS IT APPROPRIATE TO SET-OFF AGAINST THE DAMAGES PORTION OF AN AWARD AGAINST ONE TORTFEASOR IN A MEDICAL MALPRACTICE ACTION THE AMOUNT RECOVERED FROM SETTLEMENT FROM ANOTHER FOR THE SAME INCIDENT CAUSING THE INJURY WHERE THE SETTLING ALLEGED TORTFEASOR WAS NOT INCLUDED ON THE VERDICT FORM?
We deny the motion for appellate attorney's fees filed by the Fitzmaurices. See Allstate Ins. Co. v. Materiale, 787 So.2d 173 (Fla. 2d DCA 2001) (reversing award of attorney's fees based on offer of settlement where offer was invalid because it *138 failed to state amount and terms due to each offeror). As we did in Materiale, we certify conflict with Spruce Creek Development Co. of Ocala v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999), and Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999).
Affirmed in part, reversed in part, question certified, motion for attorney's fees denied, and conflict certified.
FULMER and DAVIS, JJ., concur.
NOTES
[1] These are the types of questions that cause appellate judges' and attorneys' pulses to quicken and breathing to deepen.
[2] There is no question that the forgiven hospital bill was part of the past medical bills awarded to the Fitzmaurices by the jury. Although we believe this results in a windfall to the Fitzmaurices, we can find no authority that would allow us to grant a set-off for this particular amount.