845 So.2d 342 (2003)
Emmanuel CRESPO, Jr., and Carmen Crespo, his wife, Appellants,
v.
WOODLAND LAKES CREATIVE RETIREMENT CONCEPTS, INC., a Florida corporation, and Ralph Richardson, Appellees.
No. 2D02-4127.
District Court of Appeal of Florida, Second District.
May 21, 2003.
Jack B. Nichols, Orlando, for Appellants.
Neal L. O'Toole and Gregory P. Abaray of Law Office of Neal L. O'Toole, P.A., Bartow, for Appellees.
VILLANTI, Judge.
Emmanuel Crespo, Jr., and his wife, Carmen Crespo, challenge the final judgment awarding attorney's fees to Woodland Lakes Creative Retirement Concepts, Inc. (Woodland Lakes), and Ralph Richardson pursuant to two proposals for settlement. Because the proposals did not comply with the requirements of Florida Rule of Civil Procedure 1.442, we reverse.
In April 2001, the Crespos sued Woodland Lakes and Richardson, among others, for alleged ethnic discrimination arising out of the purchase of a home in the Woodland Lakes manufactured home park. On July 17, 2001, Woodland Lakes and Richardson each served individual proposals for settlement on the Crespos. Each proposal offered the Crespos $1000 in full settlement of all claims, but neither proposal apportioned the amount of the offer between Mr. and Mrs. Crespo. The Crespos did not accept either offer.
After various discovery had been completed, the trial court entered final summary judgment in favor of Woodland Lakes and Richardson. Woodland Lakes and Richardson then filed a joint motion seeking an award of attorney's fees pursuant to their proposals for settlement. Following a hearing on the enforceability of the proposals and the amount of the attorney's fees reasonably incurred, the trial *343 court entered a final judgment awarding Woodland Lakes and Richardson $7000 in attorney's fees pursuant to their proposals for settlement. The Crespos then brought this appeal, arguing that the proposals were not enforceable because they did not comply with the requirements of section 768.79, Florida Statutes (2001), and rule 1.442.
Section 768.79(2) requires a proposal for settlement to include the following:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
Similarly, rule 1.442(c)(2) requires the following to be included in a proposal for settlement:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
In addition to these requirements, rule 1.442(c)(3) requires that a joint proposal "state the amount and terms attributable to each party." The reason for this requirement is twofold: to allow each party to evaluate the proposal independently, Allstate Indem. Co. v. Hingson, 808 So.2d 197, 198 (Fla.2002), and to allow the court to determine whether a judgment against only one of the parties is sufficient to trigger the sanctions provided in section 768.79. Id. at 199. This court has repeatedly required strict compliance with rule 1.442(c)(3) before it will uphold an award of attorney's fees pursuant to the proposal at issue. See, e.g., Clipper v. Bay Oaks Condo. Ass'n, 810 So.2d 541 (Fla. 2d DCA 2002); Alanwood Holding Co. v. Thompson, 789 So.2d 485 (Fla. 2d DCA 2001); United Servs. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000).
In this case, Woodland Lakes and Richardson each made separate proposals to the Crespos. However, because the proposals did not state the amounts attributable to Mr. Crespo and Mrs. Crespo, the proposals did not comply with the requirements of rule 1.442(c)(3). Because the proposals did not strictly comply with the requirements of the rule, they could not serve as the basis for an award of attorney's fees.
In support of the judgment for fees, Woodland Lakes and Richardson rely on a line of cases which holds that a joint proposal made to two defendants, one of whom is vicariously liable for the negligence of the other, does not have to state the amount attributable to each defendant. See, e.g., Danner Constr. Co. v. Reynolds Metals Co., 760 So.2d 199 (Fla. 2d DCA 2000); Strahan v. Gauldin, 756 So.2d 158 (Fla. 5th DCA 2000), abrogated on other grounds, Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001); Crowley v. Sunny's Plants, Inc., 710 So.2d 219 (Fla. 3d DCA 1998). This exception to rule 1.442(c)(3) arose because the theory of vicarious liability simply does not allow for *344 apportionment of fault or damages. Danner Constr. Co., 760 So.2d at 202. Because apportionment is considered impossible in a vicarious liability case, the courts have relieved the parties of the requirement to apportion the offer in that type of case.
Contrary to Woodland Lakes' and Richardson's contentions, this line of cases has no relevance here. Unlike in those cases, the proposals for settlement in this case were made to two plaintiffsnot two defendants. Woodland Oaks and Richardson argue that apportionment was impossible because the Crespos are husband and wife and pleaded their claims in the same counts. However, no theory of liability prevented Woodland Lakes and Richardson from apportioning the amount offered between Mr. and Mrs. Crespo. Because there is no legal theory preventing apportionment, Woodland Lakes and Richardson may not ignore the clear language of rule 1.442(c)(3) and yet still obtain an award of attorney's fees as a sanction. Moreover, we decline to create a judicial exception to the rule for claims made by a husband and wife, regardless of whether their claims are pleaded in a single count or in multiple counts.
In this case, Woodland Lakes and Richardson failed to comply with the clear terms of rule 1.442(c)(3). Because their proposals for settlement were legally deficient, Woodland Lakes and Richardson were not entitled to an award of fees based on those proposals, and we reverse the final judgment awarding attorney's fees against the Crespos.
Reversed.
WHATLEY and SILBERMAN, JJ., Concur.