DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


BUREK, INC., d/b/a PINCH A PENNY, a/k/a
SOUTH TAMPA POOL SUPPLIES & SERVICES;
and JOHN L. BUREK, JR.,

Appellants,

v.

SUSAN L. GAGE, as personal representative of the
Estate of George Williams Gage, III; and
BENJAMIN DOUGLAS EHAS,

Appellees.


Nos. 2D22-2163, 2D22-2818

CONSOLIDATED


_____


September 29, 2023

Appeals from the Circuit Court for Hillsborough County; Rex Barbas,
Judge.

Tracy Raffles Gunn of Gunn Appellate Practice P.A., Tampa, for
Appellants.

Lisa M. Tanaka, Bennie Lazzara, Jr., and Michael K. Beck of Wilkes &
Associates, P.A., Tampa, for Appellee Susan L. Gage, as personal
representative of the Estate of George Williams Gage, III.

No appearance for Appellee Benjamin Douglas Ehas.

PER CURIAM.

Affirmed.

CASANUEVA and KHOUZAM, JJ., Concur.
ATKINSON, J., Dissents with opinion.

ATKINSON, Judge, Dissenting.

I respectfully dissent. *Cf. D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 318 (Fla. 2003) (answering the "question . . . whether *Gouty* [*v. Schnepel*, 795 So. 2d 959 (Fla. 2001)] stands for the proposition that 'a failure to establish liability will obviate set-off or that there must be a finding of no liability to preclude recovery' " and "limit[ing] the *Gouty* holding to cases where a settling defendant is expressly found not liable" (quoting *D'Angelo v. Fitzmaurice*, 832 So. 2d 135, 137 (Fla. 2d DCA 2002)); *Wal-Mart Stores, Inc. v. Strachan*, 82 So. 3d 1052, 1054 (Fla. 4th DCA 2011) ("In *Anderson* [*v. Vander Meiden ex rel. Duggan*, 56 So. 3d 830 (Fla. 2d DCA 2011)], the beneficiary of trusts brought separate complaints against the defendant and other nonparties alleging mishandling of the trusts. . . . Unlike the defendant in *Anderson*, Wal–Mart is seeking discovery of the settlement amounts, not discovery to ascertain whether the settled claims arose from the same injury. Here, it is undisputed that all of the claims in this case relate to the auto accident and arise from the same injuries. . . . [Wal–Mart] does not need the settlement information to show that the claims arise from the same injury. . . . If on appeal Wal–Mart is determined to be entitled to a set-off, the case can be remanded for the trial court to allow discovery of the settlement amounts and to set-off these amounts from the final judgment."). *See* § 46.015(2), Fla. Stat. (2022) ("At trial, if any person *shows the court* that the plaintiff,

2

or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, *the court shall set off* this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment." (emphasis added)); § 768.041(2), Fla. Stat. (2022) ("At trial, if any defendant *shows the court* that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, *the court shall set off* this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly." (emphasis added)).

---

Opinion subject to revision prior to official publication.